378 So.2d 192 (1979)
Alex A. ALUGAS
v.
William HALBERT, Garlepied Transfer, Inc. and Employers Insurance Company of Wausau.
No. 10927.
Court of Appeal of Louisiana, Fourth Circuit.
November 20, 1979.
O'Keefe, O'Keefe & Berrigan, E. John Litchfield, New Orleans, for relator.
McCann & Volk, John J. McCann, New Orleans, for respondents.
Before LEMMON, BEER and GARRISON, JJ.
LEMMON, Judge.
This matter comes before the court on an application for supervisory writs under C.C.P. art. 2201, in which the defendants in this tort action complain of the trial court's refusal of their request to order plaintiff to undergo an "examination by a qualified psychologist regarding the possible rehabilitation and employment opportunities available to plaintiff". The trial court based its denial of the request on the fact that the psychologist chosen by defendant is not a physician, holding that C.C.P. art. 1464 only authorizes a court-ordered mental or physical examination which is to be performed by a physician.
It was long ago decided that an order requiring a plaintiff whose suit raised the issue of his physical condition to submit to a physical examination by a physician did not violate his constitutional right to privacy. *193 Sibbach v. Wilson & Co., 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479 (1941). This ruling has been extended to blood tests in paternity cases and to other physical and mental examinations in other cases where the physical or mental condition of a party is at issue.
Nevertheless, the scope of C.C.P. art. 1464, taken from Rule 35, Federal Rules of Civil Procedure, is narrower than the scope of other discovery in that the examination which may be ordered must be conducted by a physician. See In re Mitchell, 563 F.2d 143 (5th Cir. 1977), in which the court interpreted Rule 35 and held that a plaintiff could not be required to undergo an examination by a so-called rehabilitation expert.[1]
The purpose of limiting examinations under C.C.P. art. 1464 to those performed by physicians is apparently to restrict the circumstances under which a party may be required to submit his mind or body for examination, thus balancing considerations of the sanctity of the body and the right to privacy with considerations of fairness in the judicial quest for truth. The legislature apparently reasoned that a person who otherwise may be reasonably required to undergo an examination to determine his medical condition should only be compelled to do so when the examination is to be performed by a qualified medical officer.[2]
The request in the present case is vaguely worded and may not necessarily fall within the purview of a physical or mental examination contemplated by C.C.P art. 1464. Requests under this article must specify in detail the character and extent of the examination in order to establish not only the necessary showing of good cause, but also the inapplicability of C.C.P. art. 1464's limitation. Moreover, the details of the requested examination are necessary to enable the trial judge (if good cause and the inapplicability of the restriction are established) to fix limitations on the extent of the examination or to determine the availability of other alternatives. Thus, the lack of specificity in the request in the present case alone justifies a denial of the request.
Nevertheless, relators argue that plaintiff underwent a psychological examination by a qualified expert selected by him or his attorney and that considerations of fairness require that plaintiff be required to submit to a similarly qualified expert of their choosing.
This argument again raises the consideration of achieving fairness by alternative measures. Defendants apparently have not attempted to obtain the results and interpretations of the previously conducted psychological testing. If these results are favorable to defendants, they may not desire to pursue their request for further examination. And even if these results are unfavorable, the fact of the prior examination may then be more persuasive in arguing for an order requiring a second examination in the interest of fairness or alternatively for an order suppressing plaintiff's use of those test results as trial evidence because of his refusal to undergo similar testing at defendants' request. Indeed, the latter type of order might be an effective and practical means of the trial court's preserving plaintiff's right to privacy while insuring fairness to defendants.[3]
Defendants have also failed to show that other expert evidence, such as by employment opportunity or vocational rehabilitation specialists based on information as to plaintiff's education, experience and medical disability already developed by other discovery, cannot be used to show plaintiff's present earning capacity without the necessity of a psychological examination. Still other alternatives may also be available (if *194 good cause is otherwise shown), such as a psychological examination under the supervision of a psychiatrist.
After considering all of the factors discussed above, we conclude relator's application does not establish error in the trial court's refusal of this particular request for examination. Accordingly, the application for supervisory writs is denied.
DENIED.
BEER, J., concurs.
BEER, Judge, concurring.
I concur.
NOTES
[1] The type of examination is not stated in the memorandum opinion issued by the federal court.
[2] There are many obvious considerations, such as safety and the danger of aggravating an injury.
[3] Similarly, if plaintiff had not undergone a previous psychological examination, his right to privacy might be preserved by an order refusing defendants' requested examination, but allowing defendants to argue that refusal to the jury in rebuttal of plaintiff's claims of complete inability to work.