PLOTKIN, Judge.
The issue in this writ is whether a defendant may compel an independent psy *722 chological examination by a non-physician prior to trial when the plaintiff seeks psychological damages and has been examined by his own non-physician psychological expert.
Plaintiff, William Cantwell (Cantwell), claims physical and psychological damages as a result of an auto accident which occurred October 25, 1985. A psychological examination of him and his wife was conducted by Brian Jordan, Ph.D. The psychological reports were furnished to defendant-relator, Liberty Mutual Insurance Co. (Liberty), who deposed the expert. The expert opined that some of Cantrell’s emotional symptoms were related to the accident.
Relator thereafter scheduled an independent psychological evaluation similar to the one obtained by Cantwell which the plaintiff refused to undergo voluntarily. Liberty then moved the court for an order to compel the examination or, in the alternative, a motion to suppress the use of Cant-well’s psychological witness. The trial court denied both motions.
The conditions under which a party may be ordered to submit to a mental examination are provided in La.C.C.P. art 1464:
When the mental or physical condition of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
The Third Circuit held that this article applies to examinations by physicians. Webb v. Insurance Company of North America, 396 So.2d 508 (La.App. 3rd Cir.1981). In the case at bar the examination at issue would be conducted by a clinical psychologist.
This court examined this question in Alugas v. Halbert, 378 So.2d 192 (La.App.4th Cir.1979), where a supervisory writ was granted to review the trial court's denial of defendant’s request to order plaintiff to undergo an examination by a psychologist. The trial court’s denial was based on the fact that the defendant had chosen a psychologist to conduct the examination and C.C.P. art. 1464 authorizes only a physician to perform a court-ordered examination. We denied the defendant’s request holding:
(t)he purpose of limiting examinations under C.C.P. art. 1464 to those performed by physicians is apparently to restrict the circumstances under which a party may be required to submit his mind or body for examination, thus balancing considerations of the sanctity of the body and the right to privacy with considerations of fairness in the judicial quest for truth. The legislature apparently reasoned that a person who otherwise may be reasonably required to undergo an examination to determine his medical condition should only be compelled to do so when the examination is to be performed by a qualified medical officer. 378 So.2d at 193.
Because art. 1464 requires the request for examination set out specifically the details and extent of the testing and in Alugas the request was not specific, we found the denial of the request was correct.
We did, however, address the relator’s argument of achieving fairness by alternative measures. The Alugas defendants had not attempted to obtain the results of the plaintiff’s psychologist’s tests. The court noted that the test results might have been favorable to the defendants so that they would not have desired further examinations. Or, the court continued, if the results were unfavorable,
the fact of the prior examination may then be more persuasive in arguing for an order requiring a second examination in the interest of fairness or alternatively for an order suppressing plaintiff’s use of those test results as trial evidence because of his refusal to undergo similar testing at defendant’s request. Indeed, the latter type of order might be an effective and practical means of the trial court’s preserving plaintiff’s right to pri *723 vacy while insuring fairness to defendants. 378 So.2d at 193.
This court also pointed out that the defendant had failed to show that other expert evidence of employment opportunity or vocational rehabilitation or testimony by a psychiatrist could not have successfully rebutted the evidence of the plaintiff’s psychological evaluation.
We distinguish the case at bar from Ala-gas because the defendant has overcome the objections raised there. The defendant requested a specific examination by a qualified clinical psychologist. The defendant also has obtained the results of the plaintiff’s tests and has deposed the plaintiff’s psychologist, thereby complying with the court’s suggestion in Alugas to conduct discovery to find out what plaintiff’s psychologist has determined. Furthermore, defendant expressly argues that without an independent psychological examination he cannot successfully rebut the evidence presented by plaintiff’s expert.
Several cases allow additional examinations by physicians in the same field as the plaintiff’s expert. In Viator v. Sonnier, 355 So.2d 1091, 1093 (La.App. 3rd Cir.1978), the court allowed examination by three physicians because the “additional medical information [was] ... shown to be necessary for the respondents to defend in this case.” Using the same reasons, the court in Greco v. Paternostro, 305 So.2d 751 (La.App. 4th Cir.1974), granted an orthopedic examination by defendant’s physician after plaintiff had submitted to an examination by defendant’s neurosurgeon because the neurosurgeon recommended the orthopedic exam. When expert physicians disagreed on the residual disability suffered by the plaintiff, the court in LaFleur v. Coca-Cola Bottling Co. of Lake Charles, 195 So.2d 419 (La.App. 3rd Cir.1967), writ den. 250 La. 488,196 So.2d 802 (La.1967), decided that “justice will be served” by remanding the case and instructing the trial judge to appoint a physician of his choice to examine plaintiff. In the interests of fairness the courts here permitted the defendants to present testimony of independant medical experts in order to rebut plaintiff’s experts.
Trials are rule-regulated conflicts between parties. The objective is to achieve fairness. Courts officiate the disputes to insure that equity prevails. We do not approve of trial by ambush.
When a party injects a justiciable issue in the litigation, a burden of proof on that issue arises. If a party develops evidence to prove the issue, the opponent is obligated to answer and disprove the evidence if possible. To permit a party to have exclusive control of a witness or exhibit is inherently iniquitous and unequal. It is more, egregious when the witness is an expert who will offer an opinion based on subjective symptoms expressed by a party. Fundamental fairness mandates that the opponent of that issue be granted a timely and fair chance to develop independent evidence and a defense. This balance of opportunity will assist the fact finder in arriving at the truth on that issue.
As noted, the jurisprudence authorizes independent medical examinations by physicians. We see no reason to deny an independent psychologist’s examination, for clinical psychology is a recognizable and respected branch of the medical profession.
In order to provide the trial court with guidelines for future independent paramedical examination, we establish the following criteria:
1. the applicant must establish good cause;
2. the request must be timely and not disrupt the orderly disposition of the case;
3. a specific medical or paramedical issue exists in the case;
4. a party was examined by a witness who will testify for a party or has information which will assist any party, except in a malpractice case;
5. the requesting party must specify in detail the character and extent of the examination, including the time, place and the identity and credentials of the party to perform the examination;
6. the proposed examination is not cumulative or harassing but is required because of fundamental fairness.
*724 In the case at bar, the plaintiff has placed the issue of his emotional damage before the court and has established evidence of his condition through examination by an expert. He has thereby waived his right to privacy. To deny defendant the opportunity to rebut plaintiffs psychologist at trial with an expert of similar status is unduly prejudicial. Simply permitting cross-examination of the proponent’s expert deprives the opponent of developing his case and offering independent contradictory testimony.
Accordingly, for the reasons stated, the judge’s denial of the order for an independent examination is set aside and the writ is granted, permitting Liberty to arrange at a reasonable time and place an independent psychological examination of Cantwell by a qualified Ph.D. psychologist at their cost. Liberty will provide plaintiff with a copy of the report within 48 hours after the examination and thereafter within 10 days make the psychologist available for a deposition if requested by plaintiff.
In the alternative, should plaintiff decline to submit to the examination, the motion to suppress the testimony of plaintiff’s psychologist is granted.
BYRNES, J., concurs with reasons.