Joseph ACOCELLA, Plaintiff,

v.

MONTAUK OIL TRANSPORTATION CORP., Defendant.

No. 84 Civ. 8105.

United States District Court, S.D. New York.

Aug. 2, 1985.

Law Offices of Thomas J. Hunt, Boston, Mass., Phillips & Cappiello, New York City, for plaintiff; Michael D. Tracey, Boston, Mass., George Cappiello, New York City, of counsel.

Healy & Baillie, New York City, for defendant; John P. James, New York City, of counsel.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Defendant seeks an order compelling plaintiff to submit to an "interview and testing" by a "certified vocational rehabilitation counselor" (so named in the moving papers) pursuant to Fed.R.Civ.P. 26(a), 26(b)(1), and 35. Plaintiff opposes defendant's motion on the grounds that such an order is not permissible under the rules cited by defendant and that the information sought is obtainable through other means.

Plaintiff, a merchant seaman who seeks to recover damages for alleged injuries sustained at sea, claims, *inter alia*, that his injuries will prevent future employment. If the jury finds in favor of plaintiff on the question of liability and if plaintiff is indeed prevented from obtaining future employment, he will be entitled to receive the total amount of wages he would have received during the remainder of his work life.

Defendant asserts that it may be called upon to demonstrate whether and to what extent plaintiff can mitigate his damages by obtaining alternative employment. In connection with this aspect of the defense, defendant wishes to have plaintiff interviewed and tested by a "vocational rehabilitation counselor."

Defendant cites Fed.R.Civ.P. 26(a) and 26(b)(1) in support of its motion, but we fail to see in what respect Rule 26 applies to the demand for an "interview and testing" by a "vocational rehabilitation counselor." Rule 26(a) simply lists the methods by which discovery may be obtained, including physical and mental examinations. Rule 26(b)(1) addresses the type of information which may be obtained through discovery.

At issue in defendant's motion is not only the type of information sought but the appropriate method by which to obtain it. Defendant asserts in its supporting affidavit that it seeks information regarding plaintiff's "medical, education and vocational history, and plaintiff's ambition and motivation concerning alternate employment." (Affidavit of John P. James, sworn to June 27, 1985, at 2–3) ("James Affidavit")

In opposing defendant's motion, plaintiff argues that defendant has had ample opportunity to obtain the information sought in discovery procedures already undertaken. Fed.R.Civ.P. 26(b)(1)(i) and (ii) reads in pertinent part:

> The frequency or extent of use of the discovery methods ... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; ....

In response to defendant's requests, plaintiff has undergone one medical exami-

nation, one deposition, answered two sets of interrogatories and responded to a request for production of documents. Plaintiff asserts that defendant's instant application is clearly belated. We agree.

Defendant responds that the requested "interview and testing" is essential because, unlike discovery previously obtained, it will afford the "vocational rehabilitation counselor" the opportunity to evaluate and develop relevant data regarding plaintiff's future employability. Defendant insists that the relief it seeks is within the "broad scope" of Rule 35. (James Affidavit at 3)

> Fed.R.Civ.P. 35 states in relevant part: (a) Order for Examination. When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician.... The order may be made only on motion for good cause shown....

Any type of physical or mental examination entails an invasion of personal privacy, but Rule 35 was adopted because "the need for such examinations in the interest of truth and justice" outweighs the consideration of personal privacy interests. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2231 (1970) Concern for the protection of personal privacy is evident in the fact that the rule is limited in scope. It specifically and guardedly limits its applicability to an examination by a *physician* in cases where the *physical or mental condition* of a party is in controversy.

Defendant notes that it has retained the services of "DeSimone Rehabilitation Services" to conduct the "interview and testing." According to defendant the "vocational rehabilitation counselors" are "fully qualified to render an opinion concerning plaintiff's ability and aptitude to perform alternate employment and the vocational opportunities available to plaintiff...." (James Affidavit at 2) Defendant has not, however, alleged any facts indicating the qualifications—imperative educational requisites, performance, experience, etc., etc.

—necessary to become a "certified vocational rehabilitation counselor."

Even if it is conceded that a "vocational rehabilitation counselor" is an expert in vocational aptitude and "fully qualified" in that field, Rule 35 noticeably lacks a description of the type of person or scope of examination envisioned by the instant application. No authority is cited and we find none either supporting defendant's argument that its suggested "interview and testing" is contemplated by the rule or any other authoritative source approving the relief sought here.

Clearly there is absolutely nothing in the moving papers before us even suggesting that the proposed "interview and testing" requires the service, in whole or part, of a physician to participate in the "physical or mental examination sought." As noted earlier, plaintiff has already been examined by a physician at defendant's request to determine his physical condition conceded by the parties to be in controversy. As to the need of a mental examination by a physician, nothing is even implied on this application.

Since nothing appears to the contrary, we take it for granted that a "vocational rehabilitation counselor" does not possess the qualifications of a physician. Finally, defendant has not persuaded us that it has met the "good cause" requirement of Rule 35. It is evident that defendant has had ample opportunity to obtain the information sought by discovery methods provided for by the Federal Rules of Civil Procedure.

*Conclusion*

On the basis of the foregoing, we conclude there is no legal authority authorizing the relief applied for herein. Accordingly, we are constrained to, and do, deny the motion.

So Ordered.