**Joseph COMASTRO, Sr., et al., Plaintiffs,**

v.

**John TOURTELOT, et al., Defendants.**

**No. 85 C 6809.**

United States District Court, N.D. Illinois, E.D.

July 14, 1987.

William H. Theis, Patrick A. Tuite, Chicago, Ill., for plaintiffs.

John L. Gubbins, John L. Ladle, Chicago, Ill., James R. Schirott, Charles E. Hervas, William A. Kilroy, Jr., Schirott & Associates, P.C., Itasca, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiffs, Joseph and Janet Comsatro, and their two sons, bring this § 1983 action against defendants, Arlington Heights Police Officers, John Tourtelot (Tourtelot) and Eugene Scarmella. The plaintiffs allege, *inter alia,* that during an incident at the Comastro home defendants inflicted emotional injuries upon Mrs. Comastro which left her psychologically debilitated and unable to perform her job.

On April 2, 1987, based on Tourtelot's counsel's representation that a psychiatrist would perform the examination, this court ordered Mrs. Comastro to undergo a psychological examination pursuant to Rule 35(a) of the Federal Rules of Civil Procedure. However, Tourtelot's counsel was mistaken and the examining expert Tourtelot seeks to employ is a clinical psychologist, not a psychiatrist. On that basis Mrs. Comastro now objects to the examination. In response, Tourtelot has moved for a clarification of the April 2 order to permit a clinical psychologist to examine Mrs. Comastro.

### 1. *Discussion*

Under Rule 35(a) the court may order a physical and/or mental examination of a party. The Rule provides, in part:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician ... [if] good cause [is] shown [for the examination] ...

Fed.R.Civ.P. 35(a).

As Mrs. Comastro has not alleged that her mental condition is not "in controversy" or that Tourtelot has failed to provide

"good cause" for the examination, the sole question for the court is whether a psychologist—a non-physician—may conduct the examination.

Generally, the discovery rules should be interpreted broadly to ensure a party's claims are fully and fairly scrutinized before trial. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947). However, the license to broadly interpret the rules does not give courts the authority to substantially expand a rule's scope, insert new language, or create new provisions out of whole cloth. Rather, as the Supreme Court has carefully stated, the Federal Rules "should be liberally construed, but they should not be expanded by disregarding plainly expressed limitations." *Schlagenhauf v. Holder*, 379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964); *see also Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984) (when interpreting a federal statute a court must first look to express statutory language and only consider the legislative history if the statute is ambiguous).

Applying these well settled rules of interpretation to the instant case, the court finds Tourtelot's request must be denied. Rule 35(a) provides the court may order a "physical or mental examination *by a physician*." (emphasis added). Thus, the rule unambiguously allows only a physician, i.e. a medical doctor, to conduct the examination. The rule clearly does not permit a physician *or* "any other qualified health professional with appropriate training and experience" to perform the examination. Although some courts have found such a mandate from the "general purpose" of the rule, *see Lee v. Gulf Fleet Marine Corp.*, 110 F.R.D. 307, 309 (E.D.La.1986); *Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D.Ind. 1986); *Massey v. Manitowoc Company, Inc.*, 101 F.R.D. 304, 306–07 (E.D.Pa.1983), to read such language into the rule is nothing less than a judicial rewriting of Rule 35(a).

This court will not rewrite the Rule, but will instead defer to Congress' measured choice to rely upon physicians to perform Rule 35 examinations.[1] Accordingly, Tourtelot's motion to clarify the court's earlier decision to permit a clinical psychologist to examine Mrs. Comastro is denied.

## II. *Conclusion*

Tourtelot's motion for clarification is denied. As previously ordered, an examination of Mrs. Comastro will be permitted pursuant to Fed.R.Civ.P. 35(a) only if performed by a physician.

---

1. Given the myriad of possible backgrounds—clinical, behavioral, or educational psychology; counseling or vocational experts; and degrees ranging from a bachelor's to a Ph.D.—expanding Rule 35 would put courts in the difficult business of determining whether a particular individual has received sufficient training to conduct a highly intrusive examination into a party's private life. The current rule obviates the need for additional inquiry and effectively relies upon the clearly defined, rigorous training program provided to psychiatrists in medical school and residency programs.