**Michael A. LANDRY, Plaintiff,**

v.

**GREEN BAY & WESTERN RAILROAD COMPANY, Defendant.**

**Civ. A. No. 86–C–0635.**

United States District Court,
E.D. Wisconsin.

Sept. 1, 1988.

Gregory T. Yaeger, Yaeger & Yaeger, Minneapolis, Minn., for plaintiff.

Thomas L. Schober, Schober, Ulatowski & Hinchey, Green Bay, Wis., for defendant.

## ORDER

REYNOLDS, Senior District Judge.

Plaintiff Michael A. Landry filed the above-entitled action against defendant Green Bay & Western Railroad Company alleging that the defendant failed to pro-

vide plaintiff with a safe place to work in violation of the Federal Employer's Liability Act. Plaintiff claims that, as a result of a shoulder injury, he is permanently disabled and has suffered a significant impairment in his earnings capacity. Defendant has moved for an order requiring the plaintiff to submit to a functional capacities evaluation, an independent orthopedic evaluation, and a vocational evaluation. Defendant has also asked for an extension of time in which to name expert witnesses. The plaintiff has opposed the motion. The court will deny defendant's motion for an order requiring plaintiff to submit to the functional capacities and vocational evaluations, and will grant defendant's motion for an order requiring plaintiff to submit to an orthopedic evaluation and for an extension of time to name experts.

The main issue before the court is whether Rule 35 of the Federal Rules of Civil Procedure allows for the requested evaluations. Rule 35 provides in pertinent part:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in the party's custody or legal control.

Fed.R.Civ.P. 35(a).

Defendant argues that Rule 35 permits the requested evaluations because they are relevant to the main issues in the case. Defendant contends that it must conduct the evaluations to determine the plaintiff's physical capacity in order to ascertain the extent of plaintiff's disability and what gainful activity plaintiff can engage in. Plaintiff objects to defendant's request for the functional capacities and vocational evaluations on the ground that they are not within the scope of Rule 35 and that, if they are, defendant has not made the requisite showing of good cause. Plaintiff concedes that Rule 35 does permit defendant's requested orthopedic evaluation; however, plaintiff argues that it is unreasonable for defendant to select a doctor in Madison, Wisconsin, when plaintiff lives in Green Bay, Wisconsin. Defendant has now arranged for an orthopedist in Milwaukee, Wisconsin to examine the plaintiff.

Rule 35 provides for court ordered examination of a party by a physician. Plaintiff contends that the psychologist and the vocational rehabilitationist who would perform the evaluations are not physicians and, thus, are outside the scope of Rule 35. This district has not published a decision on this issue; however, most published decisions considering the issue have found that psychologists and vocational rehabilitationists are not within the scope of Rule 35. *See Acocella v. Montauk Oil Transp. Corp.*, 614 F.Supp. 1437 (S.D.N.Y.1985), *Soudelier v. Tug Nan Services, Inc.*, 116 F.R.D. 429, 430 (E.D.La.1987) (vocational counselor not a physician), *Comastro v. Tourtelot*, 118 F.R.D. 442, 443 (N.D. Ill. 1988) (psychologist not a physician), *but see Massey v. Manitowoc Co., Inc.*, 101 F.R.D. 304, 307 (E.D. Pa.1983) (vocational counselor within the scope of Rule 35).

■ Rule 35 specifically limits its application to physicians. This court agrees with the majority of other districts which have examined this issue that, under Rule 35, a court can only order a physical or mental examination conducted by a person holding a valid certificate to practice medicine. Rule 35's language is self-limiting and cannot be expanded to include examination by non-physicians.

■ Defendant has also moved for an order compelling the plaintiff to undergo an orthopedic evaluation on September 26, 1988, by a physician in Milwaukee, Wisconsin. The plaintiff is willing to submit to an adverse orthopedic examination; however, the plaintiff believes that it is unreasonable to expect him to travel from Green Bay for the exam. A non-party witness can be compelled by subpoena to travel up to 100 miles for purposes of a deposition or trial testimony. Moreover, this case will be tried in Milwaukee, Wisconsin. This court does not believe defendant's request is unreasonable and will grant that portion of defendant's motion.

Finally, defendant has asked for an extension of time to name experts. Defendant filed a list of experts on July 18, 1988; however, defendant wished to preserve the right to amend its list pending the outcome of this motion. The court will grant a short extension.

IT IS THEREFORE ORDERED that:

1. Defendant's motion for an order requiring plaintiff to submit to a functional capacity and a vocational evaluation is denied.

2. Defendant's motion for an order requiring plaintiff to submit to an orthopedic evaluation is granted.

3. Defendant shall designate any additional experts defendant intends to call at trial on or before September 15, 1988.

4. Defendant shall provide plaintiff with the report from the orthopedic evaluation on or before October 3, 1988.

5. All discovery in this action should be completed on or before October 12, 1988. The trial and final pretrial conference remain as scheduled.