James J. ACOSTA, Sr.,
Plaintiff–Appellant,

v.

TENNECO OIL COMPANY and Mobil Oil Corporation, Defendants–Appellees.

No. 90–3124.

United States Court of Appeals,
Fifth Circuit.

Sept. 18, 1990.

206

George M. Strickler, Jr., Jo Harriet Strickler, Ann Woolhandler, LeBlanc, Strickler & Woolhandler, Gilbert V. Andry, III, Andry & Andry, New Orleans, La., for plaintiff-appellant.

Barbara R. Evans, Anne E. Bendernagel, New Orleans, La., for Tenneco Oil.

H. Mark Adams, Ellen S. Kovach, New Orleans, La., for Mobil Oil.

Before BROWN, POLITZ and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff James J. Acosta, Sr. ("Acosta") appeals the district court's order requiring that Acosta either be examined and interviewed, outside the presence of counsel, by a vocational rehabilitation expert retained by defendant Tenneco Oil Company ("Tenneco") or waive the right to call at trial his own expert. Because the federal rules do not authorize the district court to issue such an order, this Court finds that the district court abused its discretion. Ac-

cordingly, we vacate the district court's order.

## I. FACTS AND PROCEDURAL HISTORY

On July 31, 1986, Tenneco allegedly discharged Acosta, then aged 55, from employment with Tenneco. Acosta filed suit against Tenneco[1] claiming his discharge violated the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §§ 621 *et seq.* As an affirmative defense, Tenneco contends that Acosta failed to mitigate damages by failing to exercise reasonable diligence in seeking comparable employment. Failure to mitigate damages places in issue the availability of comparable work and the reasonableness of Acosta's efforts to obtain work comparable to that he enjoyed at Tenneco.[2]

In response to Tenneco's affirmative defense, Acosta retained a vocational rehabilitation expert, Dr. Craig Feldbaum ("Dr. Feldbaum"), to evaluate the reasonableness of Acosta's efforts to secure substitute employment and to testify to the availability of comparable jobs.[3] Dr. Feldbaum's evaluation was comprehensive, relying upon a number of aptitude tests and personality questionnaires,[4] as well as a detailed background and vocational interview with Acosta. Acosta's counsel was not present during the interview. Dr. Feldbaum testified that the interview was necessary to provide him with a context by which he could interpret the personality tests, to ensure he obtained "a proper flavor of the manner in which [Acosta] expresses his intelligence," and to elicit vital information regarding Acosta's educational background and work history. Acosta submitted a copy of the test results and Dr. Feldbaum's report to Tenneco.

After Acosta placed Dr. Feldbaum on his witness list, Tenneco moved under Fed.R. Civ.P. 26 and 35 to compel Acosta to submit to an examination by a vocational rehabilitation expert of its own. In the alternative, Tenneco requested that the court exclude Acosta's expert. The district court referred the motion to a magistrate who issued an order compelling an examination of Acosta by Tenneco's vocational rehabilitation expert. In support of his order, the magistrate explained that Acosta's "employability is relevant when considering the issue of mitigation of damages."

The district court reversed the magistrate's order, but granted the alternative relief requested by Tenneco. The district court ordered that Acosta submit to an examination by Tenneco's expert, on the same terms and conditions as Dr. Feldbaum's examination had been conducted, or else the district court would not permit Acosta's expert to testify. Acosta appeals.[5]

## II. DISCUSSION

### A. *Appellate Jurisdiction*

██ Tenneco complains that Acosta's appeal is improper because the district court's order is not an appealable final judgment. Although the district court's order is not final within the meaning of 28 U.S.C. § 1291, it is appealable under the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The collateral order doctrine has four requirements: (1) the order must finally dispose of a matter so that the

---

1. Acosta joined Mobil Oil Corporation ("Mobil") as a defendant after Mobil acquired from Tenneco the facility where Acosta had been employed.

2. *See Johnston v. Harris County Flood Control District*, 869 F.2d 1565, 1578–79 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990).

3. Dr. Feldbaum's report indicates he was employed to evaluate Acosta's "skills, abilities, and behavioral predispositions relevant to his occu-

pational adjustment and employability" and to evaluate Acosta's "job search efforts in light of the current labor market."

4. Dr. Feldbaum's report indicates that Acosta's tests and questionnaires fell into five categories: Intellectual Assessment, Academic Evaluation, Test of Mechanical Aptitude, Vocational Interest Assessment and Personality Evaluation.

5. This Court dismissed a mandamus petition submitted by Acosta on the ground that Acosta had an adequate remedy by appeal.

district court's decision may not be characterizable as tentative, informal or incomplete; (2) the question presented must be serious and unsettled; (3) the order must be separable from, and collateral to, rights asserted in the principal suit; and (4) there should generally be a risk of important and probably irreparable loss if an immediate appeal is not heard. *EEOC v. Neches Butane Products Co.*, 704 F.2d 144, 148 (5th Cir.1983). While discovery orders ordinarily are interlocutory and usually not appealable, *id.*, this Court finds that each of the elements under the collateral order doctrine is present in the instant case.

First, the district court's order conclusively determines the disputed issue of whether the federal rules authorize a court to require a plaintiff to choose either to submit to an examination and interview by a vocational rehabilitation expert or to waive the right to call an expert witness to testify. As there is no "plain prospect that the trial court may itself alter the challenged ruling," this Court may regard the order as finished and conclusive. *Southern Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979) (quoting *United States v. Gurney*, 558 F.2d 1202, 1207 (5th Cir.1977)). Second, the order clearly resolves a discovery issue that is distinct from the merits of Acosta's age discrimination claim. Reviewing the propriety of the order does not require this Court to examine the merits of Acosta's claim or Tenneco's affirmative defense. Third, a delay or postponement of review would cause irreparable harm to Acosta. If Acosta submits, he will necessarily relinquish the discovery protection accorded him by Rule 35; if Acosta does not submit, he risks weakening his position on the mitigation claim. Finally, the ability of a trial court to coerce a party to submit to a vocational examination and interview, without the presence of counsel, is a serious question of law that is likely to escape resolution if review is delayed. *See Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (granting mandamus to decide whether the district court had the authority to order a mental or

physical examination); *In re Mitchell*, 563 F.2d 143 (5th Cir.1977) (granting mandamus in similar context). Having concluded that the district court's order is appealable, we advance to the merits of the appeal.

### B. *Rule 35 Examination*

The Federal Rules of Civil Procedure authorize the physical or mental examination of a party only in limited circumstances. Fed.R.Civ.P. 35(a) provides:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician, or mental examination by a physician or psychologist.... The order may be made only on motion for good cause shown....

In *Schlagenhauf*, the Supreme Court emphasized the limited circumstances under which a court may order mental or physical examinations:

> [S]weeping examinations of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered merely because the person has been involved in an accident ... and a general charge of negligence is lodged. Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule. To hold otherwise would mean that such examinations could be ordered routinely in automobile accident cases. The plain language of Rule 35 precludes such an untoward result.

379 U.S. at 121–22, 85 S.Ct. at 244.

Under Rule 35, three requirements are necessary to enable a court to order a Rule 35 exam: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown. None of these requirements is present in this case.

#### 1. Mental Condition in Controversy

■ Tenneco contends that Acosta, by alleging discrimination, has placed his men-

tal condition in issue. In support of this contention, Tenneco cites cases holding that plaintiffs alleging discrimination place their mental condition in issue.[6] The orders in those cases, however, were based on allegations of emotional and/or mental damages; accordingly, the cases are inapplicable to the present case. Acosta neither seeks nor alleges he has suffered emotional or mental damages. While Tenneco's failure to mitigate defense places into issue the availability of comparable employment and the reasonableness of Acosta's efforts to obtain comparable employment, the defense cannot be construed as placing into controversy Acosta's mental or physical condition.

A ruling in Tenneco's favor would sanction a mental examination in every age discrimination case. We decline to impose such a requirement under Rule 35, absent exigent circumstances which are not present here. *See Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (N.D.Fla.1988) ("ruling in favor of a mental examination ... would endorse mental examinations in every Title VII hostile work environment sexual harassment case"); *Vinson v. Superior Court*, 43 Cal.3d 833, 840 740 P.2d 404, 409, 239 Cal.Rptr. 292, 297 (1987) (noting that a "simple sexual harassment claim asking for compensation for having to endure an oppressive work environment or for wages lost following an unjust dismissal would not normally create a controversy regarding the plaintiff's mental state"). Otherwise, a broad interpretation of Rule 35 would render meaningless the rule's express limitations.

### 2. Physician or Psychologist

■ Rule 35 authorizes a mental examination only by a physician or a psychologist. It is clear that a vocational rehabilita-

tion expert is not a physician under Rule 35. *See Landry v. Green Bay & Western R. Co.*, 121 F.R.D. 400, 401 (E.D.Wis.1988); *Soudelier v. Tug Nan Services, Inc.*, 116 F.R.D. 429, 430 (E.D.La.1987); *Acocella v. Montauk Oil Transportation Corp.*, 614 F.Supp. 1437, 1439 (S.D.N.Y.1985). In addition, there has been no showing in this case that Tenneco's proposed expert is a psychologist.

### 3. Good Cause

■ Tenneco requests the examination and interview in order to obtain information on Acosta's "skills, abilities and behavioral dispositions relevant to [Acosta's] occupational adjustment and employability and [Acosta's] job search efforts...." However, Tenneco has failed to show good cause for the vocational rehabilitation examination.

Acosta retained Dr. Feldbaum to evaluate both his employability and his employment seeking efforts. Acosta submitted a copy of the test results and Dr. Feldbaum's report to Tenneco. Tenneco deposed Dr. Feldbaum, as well as the prospective employers Acosta allegedly contacted. Furthermore, Tenneco deposed Acosta and submitted both written interrogatories and document requests concerning the issue of mitigation. Thus, Tenneco already has the information it seeks to pursue its mitigation claim without a repetitive examination of its own.

### C. *Abuse of Discretion*

Tenneco points to the conditional nature of the district court's order and contends that the order falls within the scope of the district court's discretion to exclude expert testimony under Federal Rules of Evidence 702[7] and 403.[8] Without the testimony of

---

**6.** Tenneco cites four cases: *Zabkowicz v. West Bend*, 585 F.Supp. 635 (E.D.Wis.1974); *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296 (E.D.Pa.1983); *Ryzlak v. McNeil Pharmaceutical*, 38 Fed.R.Serv.2d 443, 1982 WL 113 (E.D.Pa. 1982); and *Vinson v. Superior Court*, 43 Cal.3d 833, 740 P.2d 404, 239 Cal.Rptr. 292 (1987).

**7.** Fed.R.Evid. 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

**8.** Fed.R.Evid. 403 provides:

its own expert based upon an examination conducted under the same terms and conditions as Dr. Feldbaum's, Tenneco argues that the jury will afford excessive weight to Dr. Feldbaum's testimony. Hence, Tenneco asserts that its position would be unfairly prejudiced.

■ Rule 35 is the sole discovery rule relating to mental and physical examinations of a party. The discretion of a trial court to exclude expert testimony under Rules of Evidence 702 and 403 does not override Rule 35's express limitations. Contrary to Tenneco's argument, the conditional nature of the order is irrelevant. An examination not directly authorized under Rule 35 cannot be attained indirectly. Since Rule 35 does not empower the district court to compel a vocational examination by Tenneco's expert, the district court cannot indirectly compel a vocational examination by making the testimony of Acosta's own expert conditional on Acosta's submission to the additional examination.

In light of the extensive information Tenneco has obtained on Dr. Feldbaum's examination, Tenneco will not be unfairly prejudiced. If Tenneco desires the testimony of its own expert, Tenneco need merely provide its own expert with the same information. The expert can then prepare his or her own evaluation of Acosta's employment prospects. In addition, the information obtained on Dr. Feldbaum's examination affords Tenneco the ability to impeach Dr. Feldbaum, if Tenneco asserts that his results are inaccurate.

■ Tenneco next contends that, regardless of Rule 35, the district court's order was proper under Fed.R.Civ.P. 26. Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Fed.R.Civ.P. 26(b)(1). However, this Court has explicitly ruled that Rule 26 is not coextensive with Rule 35. *In re Mitchell*, 563 F.2d 143, 143 (5th Cir.1977). Thus, an examination not authorized under Rule 35 cannot be upheld under Rule 26.[9]

■ In coercing Acosta to submit to an examination by Tenneco's vocational rehabilitation expert on the same terms and conditions as the examination by Dr. Feldbaum, the district court requires Acosta to submit to an interview outside the presence of counsel. The federal rules are clear that, except for interviews permitted under Rule 35, interviews are allowed only in the presence of counsel. Acosta has a substantial interest in protecting himself from unsupervised interrogation by an agent of Tenneco. *See Zabkowicz v. West Bend Co.*, 585 F.Supp. 635, 636 (E.D.Wis.1984). Therefore, the district court abused its discretion in ordering Acosta either to submit to an examination outside the presence of counsel or be penalized by losing his right to present his own witness.[10]

## III. CONCLUSION

■ The limitations imposed by Rule 35 do not permit a trial court to coerce a party into submitting to an examination by a vocational rehabilitation expert outside the presence of counsel. Since neither Rule 35 nor any other federal rule provides a basis for requiring that Acosta either submit to

---

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

9. The Fourth Circuit, in explaining the relationship between Rule 26 and Rule 35, stated:

"The specific requirement of good cause [in Rule 35] would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words '... good cause ...,' the Rules indicate that there must be greater showing of need under Rule[ ] 35 than under the other discovery rules."

*Guilford National Bank of Greensboro v. Southern Ry. Co.*, 297 F.2d 921, 924 (4th Cir.1962).

10. It is noted that while Fed.R.Civ.P. 37 authorizes sanctions for the refusal to comply with an order requiring discovery, sanctions are available only when a party declines to comply with a discovery order permissible under Rules 30–35. Therefore, because the order in the instant case was not authorized under any of these rules, Rule 37 is inapplicable.

an examination by Tenneco's vocational rehabilitation expert or waive the right to have Acosta's own expert testify, we find that the district court abused its discretion. Therefore, we vacate the district court's order and remand this case for further proceedings consistent with the direction of this Court.

VACATED AND REMANDED.