Peter STANISLAWSKI, Plaintiff,

v.

**UPPER RIVER SERVICES,
INC., Defendant.**

Civ. No. 3–90–161.

United States District Court,
D. Minnesota,
Third Division.

Feb. 22, 1991.

Karl Cambronne, Minneapolis, Minn., for plaintiff.

David A. Anderson, Minneapolis, Minn., for defendant.

### ORDER

FRANKLIN L. NOEL, United States Magistrate Judge.

The above matter was before the undersigned United States Magistrate Judge on February 11, 1991 on defendant's motion to compel plaintiff to be examined by a vocational rehabilitation specialist. Plaintiff was represented by Karl Cambronne, Esq. Defendant was represented by David A. Anderson, Esq.

Plaintiff Peter Stanislawski was injured in an accident on October 24, 1989 as he worked on a barge operated by defendant Upper River Services, Inc. Plaintiff claims that he sustained permanent disability, dis-

figurement and pain and suffering as a result of the accident.

Defendant asserts that it became apparent after plaintiff's deposition was taken on December 28, 1990 that plaintiff's present and future employability is in controversy. Defendant therefore scheduled plaintiff for an independent vocational examination by Dr. Phillip Haber, a licensed psychologist and a specialist in vocational rehabilitation. When plaintiff refused to appear, defendant brought the instant motion to compel plaintiff to submit to a independent vocational examination by Dr. Haber.

The instant motion is brought pursuant to Fed.R.Civ.P. 35(a) which provides, in pertinent part, as follows:

When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician or a mental examination by a physician or psychologist. The order may be made only on motion for good cause shown....

Defendant argues that the examination should be permitted because Dr. Haber is a psychologist, and because plaintiff has placed his present and future employability at issue in this case. Defendant contends that it must therefore be allowed to have Dr. Haber examine plaintiff and evaluate his employment capabilities in order to assess its damage exposure.

Plaintiff opposes defendant's request on the grounds that Dr. Haber's status as a psychologist is irrelevant to the vocational examination contemplated by defendant here. Defendant further argues that the vocational examination itself is not authorized by Rule 35(a). Defendant finally asserts that even if the examination were authorized by Rule 35(a), defendant has not made the requisite showing of good cause.

■ Although several district courts have been asked to authorize vocational examinations under Rule 35(a), a review of the reported decisions reveals that these cases were decided prior to 1988, when Rule 35 provided for examinations by licensed physicians only. Thus, most courts denied such examinations on the grounds that Rule 35 did not authorize examinations by anyone other than a licensed physician. *See Landry v. Green Bay & Western R. Co.*, 121 F.R.D. 400 (E.D.Wis.1988); *Soudelier v. Tug Nan Services, Inc.*, 116 F.R.D. 429 (E.D.La.1987); *Acocella v. Montauk Oil Transportation Corp.*, 614 F.Supp. 1437 (S.D.N.Y.1985); *see also Comastro v. Tourtelot*, 118 F.R.D. 442 (N.D.Ill.1987) (psychological examination not authorized to be performed by anyone but licensed physician), *but see Massey v. Manitowoc Company, Inc.*, 101 F.R.D. 304 (E.D.Pa. 1983) (psychological examination may be performed by licensed psychologist as well as physician).[1]

Since Rule 35(a) was amended in 1988 to authorize mental evaluations by psychologists, no reported decision in any district or circuit court has dealt with the propriety of authorizing a vocational rehabilitation examination by either a physician or a psychologist. It is at least clear, however, that under the current version of Rule 35 three requirements must be met in order for the court to order a Rule 35 examination: (1) the party's physical or mental condition must be in controversy; (2) the expert must be either a physician or a psychologist; and (3) good cause must be shown. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir.1990).

■ There appears to be no dispute that plaintiff's present and future employment capabilities are at issue here. Nevertheless, Rule 35(a) expressly provides that *physical examinations or mental evaluations* may be ordered only when a party has put his *physical or mental* condition in controversy. The undersigned concludes that vocational rehabilitation examinations are neither contemplated nor authorized by Rule 35(a). *See Landry*, 121 F.R.D. at 401 (Rule 35's language is self limiting and

---

**1.** The Eastern District of Louisiana originally held that Rule 35(a) does not expressly prohibit vocational examinations by qualified vocational rehabilitation experts. *Lee v. Gulf Fleet Marine Corp.*, 110 F.R.D. 307, 309 (E.D.La.1986). This reasoning was expressly overruled by *Soudelier, supra.*

cannot be expanded to include examinations not expressly authorized therein); *Comastro*, 118 F.R.D. at 443 (although Federal Rules should be liberally construed, they should not be expanded by disregarding "plainly expressed limitations"). Such a strict interpretation of Rule 35(a) is consistent with pre-amendment cases prohibiting examinations by anyone other than a licensed physician, *see Soudelier, supra*, and is consistent with the concern for the protection of personal privacy as evidenced by the rule's express limitation in scope. *See Acocella, supra.*

Defendant argues that courts in Minnesota have authorized vocational examinations pursuant to Minn.R.Civ.P. 35.01, which is substantially similar to Fed.R. Civ.P. 35(a). *See Wills v. Red Lake Municipal Liquor Store*, 350 N.W.2d 452 (Minn.Ct.App.1984). An examination of the facts in that case, however, reveals that the court was persuaded to authorize a vocational examination under Rule 35.01 because the physician of defendant's choosing determined that such an examination was a necessary component of his medical evaluation. Thus, the vocational examination was a part of the adverse medical examination expressly allowed by Rule 35.01. *Id.* at 453–54. There has been no allegation in the instant matter that a vocational examination is a component of defendant's adverse medical examination. Thus, defendant's reliance on the *Wills* decision is misplaced.

The vocational examination proposed by defendant is to be performed by a licensed psychologist. The undersigned finds that Dr. Haber's status as a licensed psychologist is irrelevant here, because the evaluation Dr. Haber proposes to perform is not of plaintiff's psychological condition. Indeed, plaintiff's psychological condition has not been placed into controversy in this matter. Consequently, the fact that Dr. Haber is a licensed psychologist cannot be used as justification for authorizing a vocational examination under Rule 35(a).

■ Even if the undersigned were to find that Dr. Haber's examination was authorized by Rule 35(a), the undersigned finds that defendant has failed to show the requisite good cause to justify granting defendant's motion. *See Schlangenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (requiring that good cause must be shown for examination); Rule 35(a). The court in *Soudelier, supra*, held that good cause was not presented to justify a vocational examination where the defendant had been allowed access to all of plaintiff's medical records, had deposed plaintiff, and had been provided with the results of tests performed by the plaintiff's vocational expert. 116 F.R.D. at 430; *accord Acosta*, 913 F.2d at 209; *Acocella*, 614 F.Supp. at 1439. Here, defendant has been provided with all of plaintiff's medical records, has deposed plaintiff, and has been provided with information concerning plaintiff's education, experiences and medical disability. The undersigned therefore finds that defendant has been provided with ample material which Dr. Haber may review to form a conclusion as to plaintiff's employment capabilities. The fact that Dr. Haber is precluded from personally examining plaintiff does not preclude defendant from having Dr. Haber testify at trial as to the conclusions he forms pursuant to his review. *See Acosta*, 913 F.2d at 210.

■ Finally, defendant alternatively moves to compel plaintiff to submit to a vocational examination pursuant to Rule 26.[2] The undersigned finds that although Rule 26 provides for liberal discovery of relevant material, nothing within Rule 26 expressly provides for discovery of relevant material via interviewing and testing by a vocational counselor. *See Acocella*, 614 F.Supp. at 1438. Further, the undersigned finds that use of Rule 26 to circumvent the express limitations of Rule 35 would render meaningless the limitations embodied within Rule 35. *See In re Mitchell*, 563 F.2d 143 at 143 (5th Cir.1977) (Rule 35 not coextensive with Rule 26); *Guilford National Bank of Greensboro v. Southern Ry. Co.*, 297 F.2d 921, 924 (4th Cir.1962) (specific requirement of good cause in Rule

---

**2.** No specific provision within Rule 26 is cited by defendant.

35 would be rendered meaningless if good cause could be established upon mere showing that desired materials are relevant under Rule 26). Consequently, the undersigned will not compel plaintiff to submit to a vocational examination pursuant to Rule 26.

Accordingly, based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that defendant's motion to compel plaintiff to appear for an independent vocational rehabilitation examination is DENIED.