576 So.2d 448 (1991)
David W. WILLIAMS
v.
Harry SMITH, Goudchaux/Maison Blanche, Inc. & Liberty Mutual Insurance Company.
No. 90-CC-1607.
Supreme Court of Louisiana.
March 11, 1991.
*449 Harry L. Shoemaker, III, Shoemaker, Lazarre, Daspit & Blackwell, Baton Rouge, for David W. Williams, for plaintiff-applicant.
Thomas E. Balhoff, Baton Rouge, for Goudchaux/Maison Blanche Inc. & Gilbert Mut. Ins. Co., for defendants-respondents.
MARCUS, Justice.
David W. Williams was injured on March 31, 1986, in a vehicular collision in which the truck driven by him and owned by his employer, Firestone Tire and Rubber Company, was rear-ended by a truck driven by Harry Smith and owned by his employer, Goudchaux/Maison Blanche, Inc., while traveling in a northerly direction on Monterrey Boulevard in East Baton Rouge Parish. Williams filed suit on March 26, 1987, against Harry Smith, Goudchaux/Maison Blanche, Inc. and Liberty Mutual Insurance Company (the insurer of the vehicle driven by Smith), alleging that he sustained personal injuries as a result of the accident and that the proximate cause of the accident was the negligence of Smith and Goudchaux/Maison Blanche. Plaintiff prayed for judgment against defendants in the sum of $420,000 together with legal interest and costs. Plaintiff's itemized damages set forth in his petition included a claim for personal injuries and residual disability of $75,000 and for lost wages in the amount of $25,000.[1]
The most serious injuries sustained by plaintiff were to his back resulting in three surgical operations. The first was a lumbar laminectomy performed in July of 1986. The second surgery was a three level double spinal fusion of the lumbar vertebrae from the anterior and posterior sides including the insertion of two steel rods in April of 1988. The third surgery was to remove the steel rods fourteen months later. At the time of the accident, Williams had been the store manager of the Firestone Tire and Rubber Company Store at the Cortana Mall in Baton Rouge for three years. As a result of injuries caused by the accident, Williams' employment with Firestone was terminated and he was placed on permanent disability by the company.
Williams amended his petition in April of 1989 adding his wife, Julia B. Williams, as an additional plaintiff[2] and alleging that he has sustained permanent damage and injuries that have rendered him totally disabled. Williams increased his total damages to $3,125,000 including a claim for lost past and future wages, future fringe benefits and impaired earning capacity in the amount of $1,050,000. Additionally, his wife claimed damages of $650,000.
Dr. Jack Loupe, an orthopedic surgeon, has been Williams' treating physician since March of 1987. He performed the double spinal fusion surgery and insertion of the steel rods as well as the subsequent removal of the rods. Dr. Loupe has given four depositions in this case at the request of Goudchaux/Maison Blanche and Liberty Mutual (hereinafter called defendants).[3] In those depositions he allegedly testified that plaintiff's severe injuries and surgeries have resulted in substantial and continuing disability and work limitations.
Defendants sought to have plaintiff evaluated by a vocational rehabilitation expert who would perform a functional capacities assessment on him,[4] and notified plaintiff's *450 counsel by letter of August 31, 1989. Counsel for plaintiff refused to make him available on the ground that La.Code Civ.P. art. 1464 limits independent medical examinations to those performed by a physician. Defendants then filed a "Motion to Compel Examination of Plaintiff by Vocational Rehabilitation Expert or Alternatively to Suppress Testimony Related To Impairment of Earning Capacity/Lost Wages." After a hearing, the trial judge granted defendants' motion to compel the examination of plaintiff by an independent vocational rehabilitation expert of defendants' choice for the purpose of determining his impairment of earning capacity and/or lost wages and further ordered that if plaintiff failed to submit to the examination, then all testimony and other evidence on behalf of plaintiff, whether offered by plaintiff or any witness on his behalf, related to lost wages and/or earning capacity, would be prohibited at trial. The court of appeal denied plaintiff's application for writs stating that "relator has an adequate remedy by review on appeal." On plaintiff's application to this court, we granted certiorari to review the correctness of the trial judge's order.[5]
The issue presented for our review is whether La.Code Civ.P. art. 1464 provides the trial court with authority to order a party to submit to an examination by a vocational rehabilitation expert who is not a physician.
La.Code Civ.P. art. 1464 provides:
When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. [Emphasis added]
When the source provision of article 1464 was enacted, (former article 1493), it was virtually identical to Subsection (a) of Rule 35 of the Federal Rules of Civil Procedure.[6] In interpreting La.Code Civ.P. Art. 1464, Louisiana courts have relied upon prior interpretations of Fed.R.Civ.P. 35(a) by the federal courts, using federal decisions as persuasive guides to the intended meaning of article 1464. Matherne v. Hannan, 545 So.2d 1094 (La.App. 4th Cir.), writ granted in part and denied in part, 550 So.2d 617, rehearing denied, 551 So.2d 1314 (La. 1989); see Madison v. Travelers Insurance Co., 308 So.2d 784 (La. 1975) (since our state discovery rules were obtained from the federal rules, we may look for guidance to the federal decisions which have interpreted identical provisions).
Our research has revealed that those federal courts that have considered the issue have held that Fed.R.Civ.P. 35(a) cannot be used as authority to compel a party to undergo an examination by a vocational rehabilitation expert. Acosta v. Tenneco *451 Oil Co., 913 F.2d 205 (5th Cir.1990); In re Mitchell, 563 F.2d 143 (5th Cir.1977); Landry v. Green Bay & Western Railroad Co., 121 F.R.D. 400 (E.D.Wis.1988); Soudelier v. Tug Nan Services, Inc., 116 F.R.D. 429 (E.D.La.1987);[7]Acocella v. Montauk Oil Transportation Corp., 614 F.Supp. 1437 (S.D.N.Y.1985). While some courts did compel a party to submit to a mental examiantion by a psychologist using rule 35(a) as authority, Anson v. Fickel, 110 F.R.D. 184 (N.D.Ind.1986); Massey v. Manitowoc Co., Inc., 101 F.R.D. 304 (E.D.Pa. 1983), others held that the rule unambiguously allows only a physician, i.e., a medical doctor, to conduct the exam. Comastro v. Tourtelot, 118 F.R.D. 442 (N.D.Ill.1987). In 1988, rule 35(a) was amended to provide authority to require a party to submit to a mental examination by either a physician or a psychologist.[8]
In Webb v. Insurance Co. of North America, 396 So.2d 508 (La.App. 3d Cir. 1981), the third circuit refused to compel the plaintiff to undergo an examination by a rehabilitation counselor to determine plaintiff's disability as a result of injuries sustained in a vehicular collision. In interpreting La.Code Civ.P. art. 1493 (now art. 1464), the court held:
That article clearly refers only to examination by physicians. There has been no showing that such rehabilitation counselors were physicians. Article 1493 is inapplicable.
In Alugas v. Halbert, 378 So.2d 192 (La. App. 4th Cir.1979), the fourth circuit denied defendant's request to order plaintiff to undergo an examination by a qualified psychologist chosen by defendant regarding possible rehabilitation and employment opportunities. Judge (now Justice) Lemmon stated for the court:
Nevertheless, the scope of C.C.P. art. 1464, taken from Rule 35, Federal Rules of Civil Procedure, is narrower than the scope of other discovery in that the examination which may be ordered must be conducted by a physician. See In re Mitchell, 563 F.2d 143 (5th Cir.1977), in which the court interpreted Rule 35 and held that a plaintiff could not be required to undergo an examination by a so-called rehabilitation expert. [footnote omitted] The purpose of limiting examinations under C.C.P. art. 1464 to those performed by physicians is apparently to restrict the circumstances under which a party may be required to submit his mind or body for examination, thus balancing considerations of the sanctity of the body and the right to privacy with considerations of fairness in the judicial quest for truth. The legislature apparently reasoned that a person who otherwise may be reasonably required to undergo an examination to determine his medical condition should only be compelled to do so when the examination is to be performed by a qualified medical officer. [footnote omitted]
However, in Cantwell v. Garcia, 522 So.2d 721 (La.App. 4th Cir.), writ denied, 525 So.2d 1058 (La.1988), the fourth circuit held that defendant could compel plaintiff to undergo an independent psychological examination by a psychologist prior to trial reasoning that since the jurisprudence authorizes independent medical examinations by physicians, there was no reason to deny an independent psychologist's examination, since clinical psychology is a recognizable and respected branch of the medical profession.
Our review of both federal and state jurisprudence reveals that neither rule 35(a) nor article 1464 has been extended to *452 apply to examinations by vocational rehabilitation experts. For many of the same reasons expressed by those courts, we shall not extend the application of article 1464 to compel the examination of plaintiff by an independent vocational rehabilitation expert. To extend its application would be to disregard its clear language and result in a judicial rewriting of the article as well as involve the courts in the difficult task of determining which type of "non-physician" experts should be permitted to examine the plaintiff. A "physician" is "a person with a license or permit to practice medicine in this state." La.R.S. 40:1299.39A(1)(b)(2). Clearly, vocational rehabilitation experts are not persons who are licensed to practice medicine. The decision to extend the application of article 1464 to experts other than physicians is one to be made by the legislature, not the courts.
Besides the requirement that the examination be performed by a "physician," discovery under article 1464 is further restricted by the requirements that the physical or mental condition of the party be "in controversy" and that "good cause" be shown for requiring a party to submit to the examination. See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Acosta v. Tenneco Oil Co., 913 F.2d at 208; Matherne v. Hannan, 545 So.2d at 1095-1096. While defendants have shown that plaintiff has placed his physical condition and its effect on his employability "in controversy," defendants have failed to make a sufficient showing of good cause to require plaintiff to submit to an examination by a vocational rehabilitation expert. Defendants have deposed plaintiff's treating physician four times and they have access to plaintiff's medical records. Defendants have propounded interrogatories and requests for production of documents to plaintiff.
Plaintiff alleges that he has made himself available to be examined by a physician of defendants' choice, but to date defendants have failed to avail themselves of this discovery. Defendants may take the information that is available to them and provide it to any expert, including a vocational rehabilitation expert, who can testify at trial. Moreover, in the event plaintiff retains a vocational rehabilitation expert to examine him, then that expert is subject to discovery by defendants. Considering all of these other discovery methods available, defendants have not made the requisite showing of "good cause" to order an examination of plaintiff.[9]
In sum, we find that La.Code Civ.P. art. 1464 does not provide a trial court with authority to order a party to submit to an examination by a vocational rehabilitation expert who is not a physician. Hence, the trial judge erred in granting defendant's motion to compel the examination of plaintiff by an independent vocational rehabilitation expert of defendant's choice for the purpose of determining his impairment or earning capacity and/or lost wages.

DECREE
For the reasons assigned, the judgment granting defendant's motion to compel examination of plaintiff by a vocational rehabilitation expert is vacated and set aside. The case is remanded to the district court for further proceedings in accordance with the views expressed herein.
NOTES
[1] Insurance Company of North America, the compensation insurer of Firestone Tire and Rubber Company, intervened in the suit seeking reimbursement of compensation and medical expenses paid or to be paid to Williams under its policy.
[2] Although Mrs. Williams was added as a plaintiff, the writ application to this court is filed solely on behalf of Mr. Williams. Therefore "plaintiff" or "Williams" as referred to in this opinion will mean Mr. Williams.
[3] One deposition of Dr. Loupe taken March 18, 1988, has been filed in the record along with the deposition of plaintiff taken March 16, 1988. According to plaintiff's brief to this court, Dr. Loupe has been deposed four times along with several other physicians. These depositions have not been made part of the record to date.
[4] Counsel for defendants explained in argument before this court that a functional capacities assessment included a physical assessment of functions such as stooping, bending, lifting and an assessment of plaintiff's work experience usually done through an interview process.

Defendants contend in their brief that the best way available to evaluate plaintiff's work capabilities is through a functional capacities assessment by a vocational rehabilitation expert. Such an expert can determine employment opportunities in the workplace and is familiar with the requirements of a particular occupation, such as working conditions and the attributes and skills needed for the job. In comparison, a medical doctor assigns a percentage of disability for a particular person but does not assign a functional disability rating or attempt to determine what this person is capable of doing given his own particular abilities and restrictions. Unlike the vocational rehabilitation specialist who interviews the plaintiff and investigates his particular capabilities, the physician's opinion is general in nature.
[5] 567 So.2d 1111 (La.1990).
[6] At the time of plaintiff's injury (1986), rule 35(a) provided:

In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. [Emphasis added]
[7] Soudelier expressly overruled Lee v. Gulf Fleet Marine Corp., 110 F.R.D. 307 (E.D.La.1986), which held that Fed.R.Civ.P. 35(a) did not prohibit examination of an injured plaintiff by a vocational rehabilitation expert.
[8] Fed.R.Civ.P. 35(a) now provides in pertinent part:

When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician, or mental examination by a physician or psychologist or to produce for examination the person in the party's custody or legal control. [Emphasis added]
[9] Defendants assert that even if we should conclude that an examination by a vocational rehabilitation expert is not available under La.Code Civ.P. art. 1464, nevertheless, the trial court has the authority to appoint an expert witness pursuant to La.Code Evid. art. 706 or it has the general authority under La.Code Civ.P. art. 1422 to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." We find that neither article applies because an examination not authorized under the more restrictive discovery rules cannot be upheld under the more general discovery or evidentiary articles. See Acosta v. Tenneco Oil Co., 913 F.2d at 210; In re Mitchell, 563 F.2d 143 (5th Cir.1977); Matherne v. Hannan, 545 So.2d at 1096.