816 P.2d 946

**Victor G. AVILA, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Gary E. Donahoe, a judge thereof, Respondent Judge.**

**Dorna Esther BUNG, individually; and Dorna Esther Bung dba Dee's Flowers and Gifts, an Arizona corporation, Real Parties in Interest.**

No. 1 CA–SA 91–082.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 29, 1991.

Douglass & Ferrarino by Bedford Douglass, Jr., Mesa, for petitioner.

Burrell, Seletos & Tinsley by Ernest D. Tinsley, Phoenix, for real parties in interest.

OPINION

JACOBSON, Judge.

Petitioner is the plaintiff in a personal injury suit that includes a claim for loss of earning capacity. The trial court has granted defendant's motion to compel plaintiff to be examined by a vocational rehabilitation specialist, pursuant to Rule 35, Arizona Rules of Civil Procedure. The issue presented is whether a vocational rehabilitation examination, performed by a specialist who is concededly not a physician, is authorized within the scope of Rule 35.

*Facts and Procedural History*

On November 20, 1989, plaintiff filed a negligence complaint against respondent Bung individually and doing business as Dee's Flowers and Gifts (defendant), alleging personal injury and loss of earning capacity as a result of an automobile accident. The prayer requested, among other things, special damages for "loss of earnings, past and future," and for "loss of earning power."

During the course of discovery it became apparent that the lost wages claim would be the predominant damages sought. De-

fendant notes that, although plaintiff's medical bills total about $10,000, plaintiff alleges his lost earnings will exceed $200,-000.

On January 19, 1991, defendant filed a Motion for Independent Examination, requesting "an order requiring Plaintiff to submit to an examination by a qualified vocational rehabilitation specialist and his consultants in order that Defendant might obtain an independent opinion with respect to the issue of Plaintiff's ability to work." Defendant alleged that pretrial discovery established that plaintiff intended to present evidence from a vocational rehabilitation specialist that plaintiff is no longer able to work in his former profession, as a carpenter. Defendant requested that plaintiff be ordered to undergo similar testing, to be administered by defendant's vocational rehabilitation specialist, including "certain psychological and mental testing ... and ... physical testing, including range of motion," administered by defendant's specialist. The motion did not establish that defendant's specialist was a physician, or give any other information regarding his qualifications. Defendant urged the court to issue the order on the basis of its authority to order a party "to submit to a physical or mental examination by a physician" under Rule 35.

Plaintiff opposed the motion, arguing first that Rule 35 authorizes examinations only by physicians; second, that defendant had not shown good cause for the exam because defendant had other discovery devices available to obtain the information necessary for his specialist to render an opinion on plaintiff's ability to work; and third, by pointing out that the discovery period had ended under the local rules. Defendant argued that the court's broad authority to order discovery should be invoked in order for the defendant to be able "to put on a defense concerning Plaintiff's claim of future lost wages."

After oral argument on the motion, the trial court granted defendant's motion, ordered plaintiff to appear before defendant's vocational rehabilitation specialist, ordered that defendant make the results available to plaintiff after the examination, and to make the specialist available for deposition if requested by plaintiff. Plaintiff filed this special action from that order.

### Special Action Jurisdiction

■ Orders compelling discovery are interlocutory in nature and thus are not appealable. However, if plaintiff is wrongly compelled to submit to an examination the trial court was not authorized to order, the damage will have been done and cannot be remedied by an appeal. Other courts have concluded that the ability of a trial court to coerce a party to submit to a vocational examination and interview, without the presence of counsel, is a serious question of law that is likely to escape resolution if review is delayed. *E.g., Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir.1990). Moreover, courts have historically utilized the common law extraordinary writs to review orders compelling medical examinations. *See, e.g., Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964) (granting mandamus); *Martin v. Superior Court*, 104 Ariz. 268, 451 P.2d 597 (1969) (granting writ of certiorari); *Pedro v. Glenn*, 8 Ariz.App. 332, 446 P.2d 31 (1968) (application for writ of certiorari or writ of prohibition is proper procedure to seek review of order compelling examination). Therefore, special action is an especially appropriate vehicle for such review. *See* Rule 1(a), Rules of Procedure for Special Actions. Additionally, this is a pure issue of law, and a case of first impression in Arizona. *E.g., Mullet v. Miller*, 168 Ariz. 594, 816 P.2d 251 (App.1991). In the exercise of our discretion, we accept special action jurisdiction in this case.

### Merits

■ Rule 35(a), Arizona Rules of Civil Procedure, provides:

When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination *by a physician....* The order may be made only on motion for good cause shown and upon notice to

the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(Emphasis added.) This rule is substantially the same as the federal rule, except that the *federal rule has been amended to* specifically authorize examination by a psychologist as well as a physician. Rule 35, Federal Rules of Civil Procedure, as amended by Act of Nov. 18, 1988, Pub.L. 100–690, Title VII, § 7047(b), 102 Stat. 4401. Prior to this amendment, most federal courts held that Federal Rule 35 authorized an examination only by a licensed physician. *See* 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2235 at 293 (Supp.1991). Thus, the rule did not authorize a trial court to compel an examination by a licensed psychologist. *See, e.g., Landry v. Green Bay & Western R.R. Co.,* 121 F.R.D. 400 (E.D.Wis.1988).

Since the amendment, the commentators have agreed that the scope of the rule is limited to examinations conducted by a physician or a psychologist, and does not include examinations by a vocational rehabilitation expert who is not licensed in either of those disciplines. 4A *Moore's Federal Practice* ¶ 35.03[3] at 35–17 (1991) ("A Rule 35 examination must be conducted by a physician or a psychologist.... The rule does not, however, permit a court to order an examination to be conducted by someone who is not a physician or a licensed psychologist."); Wright & Miller, *supra* ("The rule does not authorize examination by a vocational rehabilitation expert.")

The weight of federal case law agrees with the commentators by excluding a vocational rehabilitationist from the scope of Rule 35 as a matter of law when there is no showing that the examiner is either a physician or a psychologist. *See Acosta, supra,* and district court cases cited therein.[1]

The policy reasons given for this narrow reading of Rule 35 are persuasive. First, the language of the rule itself specifically limits its application to physicians. *See, e.g., Landry,* 121 F.R.D. at 401 ("Rule 35's language is self-limiting and cannot be expanded to include examination by non-physicians.") The court's license to broadly interpret discovery rules "does not give courts the authority to substantially expand a rule's scope, insert new language, or create new provisions out of whole cloth.... The rule clearly does not permit a physician *or* 'any other qualified health professional with appropriate training and experience' to perform the examination." *Comastro v. Tourtelot,* 118 F.R.D. 442, 443 (N.D.Ill.1987) (interpreting Federal Rule 35 prior to its 1988 amendment to exclude psychologists). As one court reasoned:

> Given the myriad of possible backgrounds—clinical, behavioral, or educational psychology; counseling or vocational experts; and degrees ranging from a bachelor's to a Ph.D.—expanding Rule 35 would put courts in the difficult business of determining whether a particular individual has received sufficient training to conduct a highly intrusive examination into a party's private life. The current rule obviates the need for additional inquiry and effectively relies upon the clearly defined, rigorous training program provided to [physicians] in medical school and residency programs.

*Id.* at 443 n. 1.

A second reason for excluding a vocational rehabilitation examination from the scope of Rule 35 is because of the unique nature of the examination contemplated by that rule:

> Any type of physical or mental examination entails an invasion of personal priva-

---

1. Although contrary cases exist, we find them either distinguishable or unpersuasive. *See, e.g., Massey v. Manitowoc Co.,* 101 F.R.D. 304, 307 (E.D.Pa.1983) (allowing vocational interview by licensed psychologist because rigorous licensing qualifications required in Pennsylvania provide "the necessary safeguards for preventing any abuse of Rule 35," and allowing plaintiff to be accompanied by a representative); *Anson v. Fickel,* 110 F.R.D. 184 (N.D.Ind.1986) (following *Massey* to allow a licensed clinical psychologist to perform a mental exam); *Lee v. Gulf Fleet Marine Corp.,* 110 F.R.D. 307 (E.D.La. 1986) (holding that Rule 35 did not apply to vocational rehabilitation examination; later "overruled" in *Soudelier v. Tug Nan Servs., Inc.,* 116 F.R.D. 429 (E.D.La.1987)).

cy, but Rule 35 was adopted because "the need for such examinations in the interest of truth and justice" outweighs the consideration of personal privacy interests.... Concern for the protection of personal privacy is evident in the fact that the rule is limited in scope. It specifically and guardedly limits its applicability to an examination by a physician in cases where the physical or mental condition of a party is in controversy.

*Acocella v. Montauk Oil Transp. Corp.*, 614 F.Supp. 1437, 1439 (S.D.N.Y.1985) (citation omitted). Furthermore, parties undergoing physical or mental examinations pursuant to Rule 35 are not entitled to presence of counsel. *Pedro, supra.* Rule 35 thus provides the only discovery mechanism that enables a party to obtain "unsupervised interrogation," through a potentially intrusive procedure, of its opponent by its own agent. *Acosta*, 913 F.2d at 210. Because of this unique situation, the rule contains a specific "good cause" requirement, above and beyond the general relevancy standard imposed by Rule 26(b) for discovery in general, that must be established to compel an examination under Rule 35. *Id.*

Several courts have found that this "good cause" requirement is simply not established by the need for the opinion of an independent vocational rehabilitation specialist. For example, if a plaintiff has already been examined by a vocational rehabilitation specialist, a defendant may obtain the results of the examination and provide them to its own expert. Defendant may also depose the plaintiff, depose the plaintiff's expert, and impeach either or both of them with the opinion of its own expert; additionally, defendant may compel examination of plaintiff by a licensed physician, and make the results of that examination available to its vocational rehabilitation specialist. *See Acosta,* 913 F.2d at 210; *Soudelier,* 116 F.R.D. at 430.

The facts before us support a reading of Rule 35 that excludes this examination. Defendant has not indicated that his expert's qualifications meet those imposed by the rule, and has not established the good cause required to obtain such an examina-

tion even by such a qualified expert. As plaintiff pointed out in his response to defendant's motion for an independent examination:

> The defendant, of course, has other discovery devices available to him. He can take the plaintiff's deposition, and in fact has done so. He can send out interrogatories to be answered by the plaintiff, and in fact has done so. He can obtain disclosure of plaintiff's relevant medical records, and in fact has done so. He could have obtained a medical examination of the plaintiff's physical condition. Defendant, in other words, has adequate means to obtain whatever information is necessary to prepare his occupational expert to render an opinion.

We give great weight to the federal interpretation of analogous procedural rules. *Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971). Under federal law, three requirements are necessary for a court to order a Rule 35 examination: (1) the party's physical or mental condition must be in controversy; (2) the expert must meet the professional qualifications required; and (3) good cause must be shown. *Acosta*, 913 F.2d at 208. In this case, although plaintiff's ability to work is clearly at issue, the other two requirements have not been met. The trial court abused its discretion in ordering plaintiff to undergo an examination by a vocational rehabilitation specialist.

The trial court's order granting defendant's motion for an independent examination by a vocational specialist is vacated. In the exercise of our discretion, we deny plaintiff's request for attorneys' fees.

BROOKS, P.J., and CONTRERAS, J., concur.