595 So.2d 1201 (1992)
Sonya Johnson WILLIAMSON, et al.
v.
HAYNES BEST WESTERN OF ALEXANDRIA, et al.
No. 92-C-0354.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1992.
Writ Denied May 15, 1992.
*1203 Richard S. Vale, Thomas G. Buck, Blue, Williams & Buckley, Metairie, for relator.
John R. Martzell, Scott R. Bickford, Martzell, Thomas & Bickford, New Orleans, for respondent.
Before KLEES, PLOTKIN and JONES, JJ.
PLOTKIN, Judge.
Writ denied in part and granted in part:
The issue in this writ application is the scope of an independent medical examination (IME) authorized by L.C.C.P. art. 1464. No jurisprudence exists on this issue.
Plaintiff/respondent Sonya Williamson sued defendant/relator Haynes Best Western of Alexandria to recover damages she alleges resulted on July 21, 1989. Plaintiff claims that while she was trying to fix a light fixture in the hotel room where she was living with her husband and three children, she received an electrical shock that caused severe injuries. She alleges that she is neurologically impaired, that she has difficulty communicating, that she is incontinent, that she is confined to a wheelchair, and that she has symptoms which resemble those suffered by a stroke victim.
Best Western filed a motion for a physical and mental examination of Williamson. It requested the court to order an in-patient hospitalization, "to require the plaintiff to enter into a hospitalization in her area (Lafayette) for at least a week, where a battery of non-invasive tests may be run to determine the true causes and circumstances of plaintiff's present complaints". The district court denied the motion. The defendant's goals for this IME were to determine the extent and course of the plaintiff's injuries, and to determine what, if anything, can be done to treat her.
The Louisiana Code of Civil Procedure was amended in 1991. It authorizes one party to require another party to submit to a physical or mental examination and defines the procedure to effectuate the investigation. The article places no restriction on the type or scope of the examination. La.C.C.P. art. 1464 provides as follows:
When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law. In addition, the court may order the party to submit to an examination by a vocational rehabilitation expert who is not a physician, provided the party has given notice of intention to use such an expert. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
The party moving for an independent medical examination must demonstrate the following: (1) that the physical or mental condition of the party sought to be examined is in controversy and (2) that good cause exists for requiring the party to submit to the examination. Williams v. Smith, 576 So.2d 448 (La.1991); Matherne v. Hannan, 545 So.2d 1094 (La.App. 4th Cir.), writ granted in part and denied in part 550 So.2d 617 (La.1989). The article further requires that the moving party specify the "time, place, manner, conditions and scope" of the proposed examination.
The trial court has wide discretion in determining whether an independent medical examination should be ordered. Walker v. Marcev, 427 So.2d 678 (La.App. 4th Cir.), writ denied 433 So.2d 182 (La. 1983). The decision should be based upon the individual facts and circumstances of each case. Morris v. Yogi Bear's Jellystone Park, 539 So.2d 70 (La.App. 5th Cir.), writ denied 542 So.2d 1378 (La.1989).
Plaintiff has placed her physical and mental condition "in controversy" by filing the suit and requesting damages for her physical and mental pain and suffering caused by the July 21, 1989 accident. *1204 Thus, relator has satisfied the first requirement for an IME.
The second requirement, whether "good cause" exists for ordering the plaintiff to submit to a compulsory week-long period of hospitalization for various non-invasive tests, is at issue.
The United States Supreme Court addressed the good cause issue in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), when the court stated that a plaintiff who alleges mental or physical injury "provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. at 118, 85 S.Ct. at 242-43.
Best Western also asserts that good cause exists for the IME because their employees allegedly observed Williamson engaged in physical activities which contradict her medical claim of total incapacity after the accident allegedly occurred.
Additionally, Best Western argues that the plaintiff's own treating medical witnesses have recommended hospitalization to determine the cause of Williamson's injuries. Plaintiff sustained prior injuries from an electrical shock, an automobile accident, and a fall from a horse. Defendant refers to various medical reports and depositions which indicate hospitalization is desirable to render a diagnostic and treatment plan. Additionally, plaintiff's siblings testified that they wanted their sister hospitalized for treatment.
Mrs. Williamson testified that she did not want to go into the hospital for testing and became upset over the prospect. Mr. Williamson does not permit his wife's siblings to visit her. The relationship between them is acrimonious.
Plaintiff's counsel attached to his supplemental memorandum in opposition to the motion an opinion letter prepared by Dr. Aris Cox, a psychiatrist. Dr. Cox said that he had examined the plaintiff and found her to be "profoundly impaired neurologically" and that placing her "in a hospital for testing and observation would be very stressful and anxiety provoking for her." He further stated that "[m]ost neurological tests which would be required in this case, such as the various MRI scans, CAT scans, PET scans and EEGs could be done with her as an outpatient." The plaintiff offered to submit herself to any reasonable out-patient IME, subject to adequate notice.
Even assuming that the plaintiff's action in filing the suit plus the defendant's assertions detailed above are sufficient to establish "good cause" under Schlagenhauf, we find that Best Western's is not entitled to an IME under the circumstances. La.C.C.P. art. 1464 also requires that the moving party specify the "scope" of the proposed examination, which the defendant in this case has failed to do. Best Western does not specify what tests plaintiff has received or which tests are necessary to defend the case. A request that an adverse party be confined to the hospital against his will for an entire week for diagnosis of his injuries, screening for medications which may have been administered before prior examinations, or monitoring of his general condition is insufficient to meet the requirements of the article.
Plaintiff's injuries are obviously severe and complex. The plaintiff has the burden of proving the extent and cause of her damages. We recognize the defendant is entitled to any IME. However, that right must be balanced against the plaintiff's competing right not to be hospitalized for tests. The desires of the party being examined are a factor to be considered, although they will not always be the determining factor.
The following criteria should be considered to determine whether an in-patient IME should be ordered:
1. Desires of the party to be examined;
2. Reasons the in-patient IME cannot be performed on an out-patient basis;
3. Whether the moving party would suffer irreparable harm without the in-patient IME; and
4. Whether the party to be examined has been notified of the specific tests to be performed.
*1205 We affirm the trial court's denial of the defendant's request for an in-patient IME.
The defendant has alternatively requested that the plaintiff submit to an IME by an neurologist and a psychiatrist. As noted earlier, plaintiff has no objection. We remand this issue to allow the district court and the parties to confect the details of this out-patient IME, subject only to the provisions of La.C.C.P. art. 1464.
KLEES, J., concurs in the result.
JONES, J., concurs with KLEES, J.'s concurrence.
KLEES, Judge, concurring in the result.
The trial court's ruling was correct.