|,PLOTKIN, Judge.
Defendant Peter Leaf seeks review of a judgment denying his motion for mental/custody evaluation pursuant to La. C.C.P. art. 1464. For the reasons explained below, we grant the writ, reverse the trial court judgment, and grant Mr. Leafs motion for a mental/custody evaluation.
FACTS
The instant case arises out of divorce litigation between the Mr. Leaf, and his former wife, Margaret Leaf, and involves *44 the determination of custody of the minor child of the marriage, Pearlie Blue Leaf. As a result of the custody litigation, the trial court ordered a custody evaluation be performed. Both parties and the minor child submitted to the court-appointed evaluator.
On March 6, 2001, after the court-appointed examination was completed, Mr. Leaf filed a motion for mental/custody evaluation pursuant to La. C.C.P. art. 1464. The trial judge initially signed the relator’s order granting the motion on the same day it was filed.
On March 7, 2001, while the parties were in court, Ms. Leaf made an oral motion objecting to Mr. Leafs motion that she submit to an independent | ¡¡evaluation. A contradictory hearing was held on the motion, after which the trial judge reversed her former judgment, denying the motion and finding that La. C.C.P. art. 1464 did not apply in custody litigation. Mr. Leaf filed the instant writ application, raising three assignments of error: (1) the trial court erred when it denied the motion for medical/custody evaluation; (2) the trial court erred when it found that it could not compel a parent in a custody suit to submit to an independent mental health/custody evaluation requested by another party; and (3) the trial court erred when it held La. C.C.P. art. 1464 does not apply in a custody suit.
La. C.C.P. art. 1464 provides as follows:
When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law. In addition, the court may order the party to submit to an examination by a vocational rehabilitation expert or a licensed clinical psychologist who is not a physician, provided the party has given notice of intention to use such an expert. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
Mr. Leaf also cites LSA-R.S. 9:331, which provides as follows:
A. The court may order an evaluation of a party or the child in a custody or visitation proceeding for good cause shown. The evaluation shall be made by a mental health professional selected by the parties or by the court. The court may render judgment for costs of the evaluation, or any part thereof, against any party or parties, as it may consider equitable.
B. The court may order a party or the child to submit to and cooperate in the evaluation, testing, or interview by the mental health professional. The mental health professional shall provide the court and the parties with a written report. The mental health professional shall serve as the witness of the court, subject to cross examination by a party.
IsThis court has established requirements for the application of La. C.C.P. art. 1464 to independent medical examinations in personal injury cases. Under the rules previously set forth by this court, a party moving for an independent medical examination must demonstrate the following elements: (1) that the physical or mental condition of the party sought to be examined is in controversy, and (2) that good cause exists for requiring the party to submit to the examination. Williamson v. Haynes Best Western of Alexandria, 595 So.2d 1201, 1203 (La.App. *45 4 Cir.1992), citing Williams v. Smith, 576 So.2d 448 (La.1991). The trial court has wide discretion in determining whether an independent medical examination should be ordered. Williamson, 595 So.2d at 1203, citing Morris v. Yogi Bear’s Jellystone Park, 539 So.2d 70 (La.App. 5th Cir.1989).
The trial court did not issue reasons for judgment, so this court’s review of the trial court’s reasoning is limited to the issues raised by the parties. Mr. Leaf claims that one reason the trial judge denied his motion for independent mental evaluation is her finding that La. C.C.P. art. 1464 does not apply to custody cases. Although it is true that La. C.C.P. art. 1464 has most often been applied in personal injury cases, where the plaintiff has placed his own medical condition at issue, nothing in the article limits its application to such cases. In fact, the article is found in the Louisiana Code of Civil Procedure’s section entitled “Discovery.” Just as other civil discovery rules apply to custody cases, La. C.C.P. art. 1464 applies to custody cases. Moreover, this court has held that a party in a custody case is entitled, under La. C.E. art 706C, to seek evaluations by a physician and/or mental health professional of his own choosing. Ventura v. Rubio, 2000-0682, p. 11 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 889, writ denied, 2001-1065 (La.5/4/01),791 So.2d 662.
^Moreover,' we find that the trial judge abused her discretion when she denied Mr. Leafs motion under the facts of this case. The fact that the trial court has previously ordered mental evaluations of the parties and of the minor child is sufficient in itself to establish the elements set forth in Williamson, 595 So.2d at 1203. Obviously, the trial court has previously found that the mental conditions of both parties are at issue and that good cause exists for requiring the parties to submit to a mental evaluation. Under the circumstances, depriving Mr. Leaf of the opportunity to compel Ms. Leaf to submit to an independent mental evaluation prevents Mr. Leaf from proving and/or defending his case for custody. See Ventura, 2000-0682 at 11, 785 So.2d at 889.
We disagree however with Mr. Leafs argument that the mental conditions of the parties are always at issue in custody cases. Our holding in this case is limited to situations where the trial court has previously ordered mental evaluations of the parties. In the absence of such prima facie evidence that the Williamson requirements have been satisfied, parties in custody cases, like parties in other civil cases, are required to present independent evidence of the satisfaction of those elements before they are entitled to an order compelling the other party to undergo an independent physical or mental medical examination.
Accordingly, the trial court judgment denying Mr. Leafs motion for a mental evaluation of Ms. Leaf is reversed, and the motion is hereby granted.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; MOTION GRANTED.