Wayne FISCHER, Plaintiff,

v.

COASTAL TOWING INCORPORATED, Defendant.

No. 1:95 CV 1047.

United States District Court,
E.D. Texas, Beaumont Division.

June 8, 1996.

Curtis Leister of Tonahill, Hile, Leister & Jacobellis, Beaumont, TX, J. Randall Walker, Jasper TX, for Plaintiff.

Kyle D. Stallones, Robert L. Klawetter of Eastham Watson Dale and Forney, Houston TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR REHABILITATIONIST INTERVIEW OF PLAINTIFF

SCHELL, District Judge.

Before this court is Defendant's Motion for Rehabilitationist Interview of Plaintiff. Plaintiff filed a reply to the motion, and thereafter the parties filed additional briefing. Upon consideration of the motion, reply, responses, and memoranda of law, this court is of the opinion that Defendant's Motion for Rehabilitationist Interview of Plaintiff should be GRANTED.

█ The Plaintiff, Wayne Fischer ("Fischer"), brought this Jones Act action against the Defendant, Coastal Towing Incorporated ("Coastal"), alleging that Coastal's negligence and the unseaworthiness of Coastal's vessel caused injury to him in the course of his employment with Coastal. Fischer claims damages for: loss of earnings and/or earning capacity; medical expenses; physical and mental pain and anguish; and physical impairment. Coastal requests the court to order Fischer to submit to Coastal's expert for physical examination and a vocational-rehabilitation interview. An interview would include a nonverbal reasoning ability test and interest evaluation. Fischer opposes examination and interview. Fischer argues that (1) Coastal is attempting to engage in *ex parte* communications with an opposing party who is represented by an attorney, (2) Coastal's expert is not qualified under Rule 35 to perform examinations, and (3) Rule 35 does not permit an "interview" of a party.

█ Rule 35(a) provides for physical and mental examinations of persons:

When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

FED.R.CIV.P. 35(a). "A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder,* 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf,* 379 U.S. at 118, 85 S.Ct. at 242–43.

The party seeking an examination has the burden to show that the examinee's condition is in controversy and that good cause exists for the examination. *Schlagenhauf,* 379 U.S. at 118–19, 85 S.Ct. at 243; *In re Certain Asbestos Cases,* 112 F.R.D. 427, 434–35 (N.D.Tex.1986). The moving party can make these showings through affidavits or other evidence. *See Schlagenhauf,* 379 U.S. at 119, 85 S.Ct. at 243. A "suitably licensed or certified examiner" under Rule 35 includes a vocational-rehabilitation expert. *Olcott v. LaFiandra,* 793 F.Supp. 487, 492 (D.Vt.1992).

The court determines that Defendant has shown good cause for an order requiring the Plaintiff to submit to an examination by a vocational-rehabilitation expert. Plaintiff has placed his physical and mental condition in controversy by (1) alleging damages for loss of earnings and/or earning capacity; physical and mental pain and anguish; and physical impairment and (2) submitting to his own vocational-rehabilitation expert for evaluation. To avoid prejudice, Defendant must have its expert conduct an examination of Plaintiff to rebut the reports of Plaintiff's vocational-rehabilitation expert. Otherwise, Defendant's vocational-rehabilitation expert has no way to adequately scrutinize the conclusions of Plaintiff's expert. Defendant's expert is a licensed rehabilitation counselor with the appropriate educational background and experience to conduct a vocational-rehabilitation evaluation of Plaintiff.

Accordingly, the Plaintiff shall submit to a vocational-rehabilitation evaluation by Defendant's expert. Defendant's vocational-rehabilitation expert shall limit his evaluation to Plaintiff's abilities and interests as these relate to conclusions traditionally offered by vocational-rehabilitation experts. Defendant's expert may conduct any appropriate tests or request background information from the Plaintiff. Defendant's vocational-rehabilitation expert, however, shall neither undertake a physical examination of Plaintiff nor ask questions relating to liability issues in this action. Plaintiff's counsel may attend the evaluation by Defendant's expert. *See, e.g., Acosta v. Tenneco Oil Co.,* 913 F.2d 205, 210 (5th Cir.1990) ("The limitations imposed by Rule 35 do not permit a trial court to coerce a party into submitting to an examination by a vocational rehabilitation expert outside the presence of counsel."). The parties to this action shall stipulate to the other conditions governing the evaluation of the Plaintiff. The stipulation shall be submitted to the court in the form of a proposed order. If the parties are unable to agree on the other conditions of the evaluation, they shall resolve their differences by calling the Discovery Hotline.

Therefore, the court ORDERS that Defendant's Motion for Rehabilitationist Interview of Plaintiff is hereby GRANTED. The court further ORDERS that the parties submit a stipulated, proposed order as to the conditions (*e.g.,* time and place) of the evaluation of Plaintiff within ten days of this order.