**Karen McKay JEFFERYS,**

v.

**LRP PUBLICATIONS, INC., et al.**

**No. Civ.A. 98–2538.**

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

Feb. 16, 1999.

Kenneth L. Oliver, Jr., Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, Dena B. Turco, Obermayer, Rebmann, Maxwell & Hippel, LLP, Philadelphia, PA, for plaintiff.

John P. McLaughlin, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for defendants.

time Underwriters' application and Shree's re-

**MEMORANDUM**

BARTLE, District Judge.

This is an action under federal and state law in which plaintiff alleges pregnancy discrimination, disability discrimination, and/or sex discrimination. As part of her complaint, she asserts that she was dismissed from her job because of a fear of flying.

Before the court is defendants' motion to compel plaintiff to submit to a vocational examination pursuant to Rule 35(a) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion. Rule 35(a) provides, in relevant part:

> When the mental or physical condition (including the blood group) of a party or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown....

Fed.R.Civ.P. 35(a).

The first hurdle of the rule has been met. There is no dispute that plaintiff's mental or physical condition is "in controversy" in this case.

During a phone conference with the court, defendants' counsel advised the court that if their motion is granted their expert, Dr. Mark Lukas, will ask plaintiff a series of questions to obtain information on which to base his testimony about her present employment opportunities or limitations. For his purposes, he will accept whatever representations plaintiff makes about her aversion to flying. He will not seek at trial to opine on the accuracy or validity of those representations. While plaintiff does not contest Dr. Lukas' qualifications as a vocational expert, she argues that Rule 35 does not permit him to interview her since he is not a physician or psychologist and would not be conducting a physical or mental examination.

Rule 35 allows only physical or mental examinations. In the past, Rule 35 permitted only physicians to make a physical exami-

ply, dated February 18, 1999, will be addressed.

nation and only physicians or psychologists to make mental examinations. However, in 1991, the rule was liberalized to allow "a physical or mental examination by a suitably licensed or certified examiner." The Advisory Committee note states, in part:

> The rule was revised in 1988 by Congressional enactment to authorize mental examinations by licensed clinical psychologists. This revision extends that amendment to include other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute.

We conclude that the requested examination is permitted under Rule 35. Dr. Lukas, who has an Ed.D. degree, is a diplomate of the American Board of Vocational Experts, a certified rehabilitation counselor, and a certified vocational evaluator. He has the required credentials of a "suitably licensed or certified professional." What he proposes is simply to evaluate her vocational status, taking as true whatever information plaintiff provides about her physical and mental limitations because of her fear of flying. If Dr. Lukas were a physician or psychologist, there is no doubt he could conduct an examination. *See Carotenuto v. Emerson Elec. Co.,* Civ.A. No. 89–6298, 1991 WL 111258 (E.D.Pa. June 19, 1991); *Massey v. Manitowoc Co.,* 101 F.R.D. 304 (E.D.Pa.1983). Indeed, plaintiff has said she would not be objecting to the pending motion if he were. We think the 1991 amendment expanding the scope of Rule 35 was designed to overcome her objection. The type of examination sought by defendants is within the spirit and letter of the rule as currently written. As the Supreme Court noted in *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), " 'deposition-discovery rules are to be accorded a broad and liberal treatment' ... to effectuate their purpose that 'civil trials in the federal courts no longer need be carried on in the dark.' " (citations omitted).

Finally, the defendants have established "good cause" for Dr. Lukas' examination as required under Rule 35. During the examination, plaintiff's counsel or other representative may be present. *See Fischer v. Coastal Towing, Inc.,* 168 F.R.D. 199 (E.D.Tex. 1996).