In the Matter of FALCON WORKOVER CO., INC. D/B/A/ Blake Workover & Drilling Co. As Owner of Rig 19, Official No. 560963, Petitioning for Exoneration from or Limitation of Liability.

No. CIV.A. 97–2628.

United States District Court,
E.D. Louisiana.

May 3, 1999.

Charles Bruce Colvin, Michael R.C. Riess, Jeffrey E. Combes, House, Kingsmill, Riess & Seabolt, LLC, New Orleans, LA, for plaintiffs.

Malcolm A. Meyer, Baldwin & Haspel, LLC, New Orleans, LA, Thomas Livingston Gaudry, Jr., Thomas W. Darling, Windhorst, Gaudry, Ranson, Higgins & Gremillion, LLP, Gretna, LA, for Universal Machinery Co., Inc.

W. Gerald Gaudet, Julie Anne Scheib, Voorhies & Labbe, Lafayette, LA, for Oil Barges Inc.

Tobin James Eason, Weiss & Eason, Kathryn Montez Caraway, Kathryn M. Caraway, Attorney at Law, New Orleans, LA, for SWACO.

Philip G. Hunter, Maria A. Losavio, John E. Morton, Fuhrer, Flournoy, Hunter & Morton, Alexandria, LA, for Debbie Hunter.

Walter K. Naquin, Jr., District Attorney's Office, Thibodaux, LA, for Sam Jones & Associates, Inc.

William Paul Hawley, The Glenn Armentor Law Corp., Lafayette, LA, for Steven L. Sanders.

Robert Murray Johnston, Anne Derbes Keller, Scott A. Cannon, Adams & Johnston, New Orleans, LA, W.T. Womble, Womble & Cotellesse, Houston, TX, for Caterpillar Inc.

Thomas Joseph Smith, Galloway, Johnson, Tompkins & Burr, New Orleans, LA, for Baker Hughes Inc.

### ORDER

BARBIER, District Judge.

This matter is before the Court on motion by complainants in limitation, Falcon Workover Co., Inc. ("Falcon") to review an order of the magistrate judge regarding a vocational rehabilitation examination under Federal Rule of Civil Procedure 35. Finding that the magistrate judge's order is neither "clearly erroneous" nor "contrary to law", the Court overrules the objection and **AFFIRMS** the order. Fed.R.Civ.P. 72(a).

### REASONS

In this maritime limitation action, Falcon seeks to compel a personal injury claimant, Steven Sanders, to submit to a "vocational rehabilitation examination." Initially, there is a question as to whether this type of examination falls within the scope of a "mental or physical examination" as contemplated by Rule 35. *Stanislawski v. Upper River Servs., Inc.*, 134 F.R.D. 260 (D.Minn.1991). Additionally, the Court observes that Falcon's motion to compel does not comply with the basic requirements of Rule 35 which provides that a court may order a party to submit to a mental or physical examination "only on motion for good cause shown" and "shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

While Sanders' filing of a personal injury claim may have placed his mental or physical condition in "controversy" within the meaning of Rule 35, "what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant." *Schlagenhauf v. Holder*, 379 U.S. 104, 118–119, 85 S.Ct. 234, 242–243, 13 L.Ed.2d 152 (1964). In the context of a vocational expert, there is often no need for an "examination" as such, particularly when the moving party is allowed access to all of the claimant's medical records, has the opportunity to depose the claimant, and is provided with the results of tests performed by claimant's vocational expert. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 209 (5th Cir.1990); *Stanislawski*, 134 F.R.D. at 262. The fact that movant's vocational expert is precluded from personally "examining" claimant does not preclude mover from having its expert testify at trial as to the conclusions formed pursuant to review of such information. *Id.* Mover has failed to establish "good cause" for compelling Sanders to submit to a vocational examination in this case.

Claimant objected to the request for a vocational examination without the presence of his counsel. Mover argues that the "overwhelming authority" holds that there is no right of claimant's counsel to be present during an examination under Rule 35. The cases cited by mover generally involve true "physical" (medical) or "mental" (psychiatric or psychological) examinations. The courts have reasoned that to allow counsel to be present during such examinations would "contaminate a mental examination" and

would be "inconsistent with applicable, professional standards." *See, e.g., Haensel v. Chrysler Corp.,* 1997 WL 537995 (E.D.La. 1997, Vance, J.) In the context of a mental examination, the courts have also held that the presence of a third person "is inimical to the conduct of a valid psychiatric examination, which requires an unimpeded, one-on-one exchange between the doctor and the patient." *Ferrell v. Shell Oil Co.,* 1995 WL 688795 (E.D.La.1995, Wilkinson, Mag. J.) Such concerns are not necessarily present for "vocational" examinations.

Mover in this case has made no showing of "good cause" to preclude claimant's counsel from being present during an interview of his client by mover's designated vocational expert. Other courts, in this same context, have allowed a claimant's counsel to attend a vocational examination. *Fischer v. Coastal Towing Inc.,* 168 F.R.D. 199, 201 (E.D.Tex. 1996); *Jefferys v. LRP Publications, Inc.,* 184 F.R.D. 262 (E.D.Pa.1999). Absent a showing of good cause, this Court cannot conclude that the magistrate judge's order was either "clearly wrong" or "contrary to law." Fed.R.Civ.P. 72(a). Accordingly;

**IT IS ORDERED** that the magistrate's order entered on March 26, 1999 (Rec.Doc. 188) should be and is hereby **AFFIRMED**.