**Rebecca SHUMAKER, Plaintiff,**

v.

**Togo D. WEST, Defendant.**

**No. Civ.A. 1:99–1067.**

United States District Court,
S.D. West Virginia.

Sept. 29, 2000.

Debra A. Kilgore, Burton & Kilgore, Princeton, WV, for Rebecca B. Shumaker.

Kelly R. Curry, Assistant U.S. Attorney, Rebecca A. Betts, United States Attorney, Charleston, WV, for Togo D. West.

### ORDER

FEINBERG, United States Magistrate Judge.

Pending before the court is Defendant's "Motion for Rule 35 Examination," filed August 31, 2000. (Document # 35.) On September 15, 2000, Plaintiff responded opposing Defendant's Motion, and on September 25, 2000, Defendant replied. (Document ## 47, 53.) The court heard the arguments of counsel via telephonic hearing on September 27, 2000. The court has considered the arguments of the parties contained in their pleadings and oral argument.

In his Motion, Defendant seeks a court order requiring Plaintiff to submit to an independent examination by his psychologist/vocational expert, Kenneth J. Manges, Ph.D., pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiff brought this action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, alleging she suffers from Post Traumatic Stress Disorder ("PTSD"), and that Defendant discriminated against her in violation of the Rehabilitation

Act because of this mental impairment. Defendant argues that pursuant to Rule 35, (1) Plaintiff's mental condition is in controversy; (2) Dr. Manges is a suitably licensed and certified examiner; and (3) good cause exists for requiring such an examination.

Plaintiff opposes the medical examination, arguing that Defendant's Motion is an improper attempt to extend the Scheduling Order deadlines, as Defendant's expert disclosures served September 6, 2000, did not include an expert report as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. In addition, Plaintiff asserts that her PTSD is not in controversy because prior to her discharge, Defendant determined that Plaintiff had a 50 percent disability due to PTSD. Plaintiff also argues that a current evaluation will not determine whether she had PTSD at the time of her discharge. Finally, Plaintiff avers that good cause does not exist for an examination because, while her vocational ability is in controversy, Defendant has not demonstrated why his expert needs to personally evaluate Plaintiff when extensive medical records and other information relating to Plaintiff's mental condition have been made available to Defendant.

At the telephonic hearing, counsel for Defendant stated that a request for admission that Plaintiff suffered from PTSD had been denied, and that, in a supplemental answer to interrogatories served on or around July 17, 2000, Defendant contended that an independent medical examination was necessary to confirm PTSD. Defendant also responded in the supplemental answer to interrogatories, that if Plaintiff did not have PTSD, she was not an individual with a disability within the meaning of the Rehabilitation Act. Counsel for Defendant further represented at the hearing that Dr. Manges had not had an opportunity to review Plaintiff's medical records and other information as of July 17, 2000, as Dr. Manges had not yet been contacted about serving as an expert. Plaintiff represented that at this time and well before, Defendant had access to Plaintiff's medical records from the Veteran's Administration dated November 1997. In addition, in her response, Plaintiff notes that it was not until

July 13, 2000, that Defendant first requested that Plaintiff execute a release to permit the Defendant to obtain medical records relating to Plaintiff. On or around August 22, 2000, Defendant requested that Plaintiff agree to an examination by Dr. Manges. When Plaintiff refused, Defendant filed the instant Motion on August 31, 2000. On or around September 6, 2000, Defendant served his expert disclosures pursuant to Rule 26(a)(2)(B), disclosing Dr. Manges as an expert, but did not attach a report.

*Timeliness of Rule 35 Examination*

Pursuant to the court's Scheduling Order entered March 21, 2000, Defendant's deadline for disclosing experts was September 5, 2000. (Document # 9.) Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure explicitly outlines exactly what an expert disclosure must include:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

By its own language, the Rule undisputedly requires that with respect to a witness who is retained or specially employed to provide expert testimony, the disclosure of that expert must include a report. In addition, this court has provided guidance regarding the requisite content of expert reports under the Rule. *See Smith v. State Farm Fire and Cas. Co.*, 164 F.R.D. 49 (S.D.W.Va.1995)

(finding that contents of eleven of twelve expert reports provided by plaintiffs' expert witnesses were insufficient).

By at least September 5, 2000, if he intended to use Dr. Manges as an expert, Defendant was required under Rule 26 to have Dr. Manges' medical report in hand and ready to turn over to the Plaintiff. Nevertheless, Defendant failed to attach a report to his expert disclosures. To comply with the Rule, Defendant should have sought to obtain the medical examination, which he now seeks by motion filed August 31, 2000, well before the September 5, 2000, deadline. Instead, Defendant stated in his Motion that the medical examination, if the court were to grant this Motion, could have occurred on September 26 and 27, 2000. More importantly, Defendant represented at the hearing that as late as July 17, 2000, when he made his supplemental disclosures cited above, he had not contacted Dr. Manges. Indeed, it appears that Defendant denied the admission that Plaintiff had PTSD and responded to other discovery by July 17, 2000, with no good faith basis that his expert could in fact support such a denial, as Dr. Manges had not yet been contacted nor had Dr. Manges reviewed the existing medical evidence.

The deadlines relating to expert disclosures and the requisites provided in Rule 26 regarding the expert report are there for good reason. Both parties are entitled to knowledge relating to the other side's experts. Without access to the identity of an expert witness and the expert's report, an opposing party cannot properly prepare its case or rebut the other party's expert witness.

The Advisory Committee's Notes on the 1993 amendment to Rule 26 explain as much, in stating that "[t]his paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Thus, the Rule assures the preparedness of both parties with respect to expert testimony in a case and, as such, must be followed. In light of the above, the

court finds that Defendant's belated attempt to seek a Rule 35 examination days before his expert disclosures were due fails to comply with Rule 26 of the Federal Rules of Civil Procedure. For that reason, Defendant's Motion for Rule 35 Examination must be denied.

*Merits of Defendant's Rule 35 Motion*

■ Defendant's Motion also must fail under Rule 35 because he has not shown good cause for such an examination. Rule 35(a) of the Federal Rules of Civil Procedure provides that

> **Order for Examination.** When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Therefore, under the Rule, Defendant must show: (1) Plaintiff's mental condition is in controversy; (2) Dr. Manges is suitably licensed or certified; and (3) good cause.

The court need not reach the first two factors cited above. Instead, it must conclude that Defendant has not shown good cause as required by Rule 35. In *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), the United States Supreme Court explained that good cause "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant."

Furthermore, the United States Court of Appeals for the Fourth Circuit has stated that "[t]he specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant, for the relevancy standard has already been imposed by Rule 26(b). Thus, by adding the words 'showing good cause therefor,' the Rules indicate that there must be greater showing of need under Rules 34 and 35 than under the other discovery rules." *Guilford Nat'l Bank of Greensboro v. Southern Ry. Co.*, 297 F.2d 921, 924 (4th Cir.1962) (footnote omitted).

Defendant has not shown good cause in the instant case because there is ample medical evidence relating to Plaintiff's PTSD. At the hearing, Plaintiff's counsel identified a number of psychological tests and other information, which have been provided to Defendant, some of which the Department of Veteran's Affairs performed itself. Therefore, the court concludes that there is ample evidence available from which Defendant can obtain the information he currently seeks. *See Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 209 (5th Cir.1990) (denying request for vocational rehabilitation examination for lack of good cause where defendant was in possession of information it sought); *Stanislawski v. Upper River Services, Inc.*, 134 F.R.D. 260, 262 (D.Minn.1991) (no good cause shown where defendant had been allowed access to all of plaintiff's medical records, had deposed plaintiff and had been provided with information concerning plaintiff's education, experiences and medical disability).

Finally, for the reasons explained more fully above, the court finds that good cause does not exist because of the Defendant's representations in discovery about the conclusions of its expert, Dr. Manges, in the absence of a good faith basis for making such representations.

Accordingly, it is hereby **ORDERED** that Defendant's Motion for Rule 35 Examination is **DENIED**.

The Clerk is further directed to send a copy of this order to all counsel of record and

post this opinion at hhtp://www.wvsd.usc-ourts.gov.