**Glenn M. STORMS, Plaintiff,**

v,

**LOWE'S HOME CENTERS, INC., et al Defendants,**

No. 5:01–CV–00082.

United States District Court, W.D. Virginia, Harrisonburg Division.

Oct. 31, 2002.

Roger Allen Ritchie, Jr., Roger, Ritchie and Partners, P.L.C., Harrisonburg, VA, for plaintiff.

Charles H. Smith, III, Gentry, Locke, Rakes & Moore, Roanoke, VA, Thomas G. Bell, Jr., Timberlake, Smith, Thomas & Moses, P.C., Staunton, VA, for defendants.

*MEMORANDUM OPINION*

CRIGLER, United States Magistrate Judge.

This personal injury claim alleging negligence and negligent design and manufacture is before the undersigned on the August 26, 2002, Motion to Compel made by Defendant Lowe's Home Centers, Inc. (Lowe's). The motion seeks an order compelling Plaintiff to be interviewed by a vocational expert retained by Lowe's. The parties were heard by telephone on August 28, 2002. For the reasons set forth below, a separate Order will issue DENYING the motion.

**BACKGROUND**

Plaintiff alleges that he was injured while shopping in the Lowe's store in Harrisonburg, Virginia. Plaintiff asks for damages in the form of lost wages and lost earning capacity, among other forms of relief. To that end, he retained an expert vocational rehabilitation counselor to opine on matters related to lost wages and lost earning capacity. After reviewing records and conducting an in-person interview with the plaintiff, the expert

issued a report concluding that the alleged injury rendered Plaintiff unable to return to his pre-injury employment. Seeking to test this evidence, Lowe's retained an expert vocational rehabilitation counselor. Though Plaintiff's counsel has provided counsel of Lowe's with copies of the vocational report and all medical records and other discoverable information requested by Lowe's, he declined to make the plaintiff available for an interview with the expert retained by Lowe's. The deposition of Plaintiff had been scheduled but had not occurred at the time of the telephone hearing.

## CONTENTIONS OF THE PARTIES

### 1. *Defendant Lowe's*

Lowe's argues that vocational examinations are covered by the language of Fed. R.Civ.P. 35. For that proposition, Lowe's cites *Massey v. Manitowoc Co., Inc. v. W–J Sales Co., Inc.*, 101 F.R.D. 304 (E.D.Pa.1983) and *Fischer v. Coastal Towing, Inc.*, 168 F.R.D. 199 (E.D.Tex.1996).

Further, Lowe's alleges that Plaintiff has placed his vocational capacity in controversy by virtue of his pleadings, answers to discovery, and the vocational expert's report. Lowe's insists that good cause has been shown because its vocational expert's ability to produce a timely, complete report will be compromised and prejudiced if he is unable to interview the plaintiff. Citing Rule 35, Lowe's argues that the court should compel the plaintiff to be interviewed by its vocational expert.

### 2. *Plaintiff*

The plaintiff asserts that the language of Rule 35 does not cover vocational examinations, and that the Advisory Committee Notes did not make reference to them when the Rule was amended in 1991. Further, Plaintiff argues that Lowe's has not made a showing of good cause because all documents and information necessary for producing a complete vocational expert report either have been provided in discovery or can be addressed by an appropriate examination of the plaintiff when he is deposed.

## ANALYSIS

In 1991, Rule 35 was amended to read as follows: "When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown...." FED. R. CIV. P. 35(a). Prior to the 1991 amendment, the Rule provided for a "physical examination by a physician, or mental examination by a physician or psychologist." *See* FED. R. CIV. P. 35(a) (repealed 1991). The Advisory Committee Notes on the 1991 Amendment reveal that "[t]his revision extends [the 1988 Amendment (which had added the phrase 'clinical psychologist')] to include other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute."

Since 1991, some courts have found that vocational examinations may be ordered under Rule 35. *See e.g., Fischer v. Coastal Towing Incorporated*, 168 F.R.D. 199 (E.D.Tex.1996) (finding that a vocational-rehabilitation expert is a "suitably licensed or certified examiner" under Rule 35, but failing to address whether a vocational exam is a "physical or mental examination"); *Olcott v. LaFiandra*, 793 F.Supp. 487 (D.Vt.1992) (finding that a vocational rehabilitation expert is a "suitably licensed or certified examiner" after evaluating the expert's credentials, but also specifically finding that expert qualified to render a "physical examination"); *Jefferys v. LRP Publications, Inc.*, 184 F.R.D. 262 (E.D.Pa.1999) (finding that a vocational rehabilitation counselor is a "suitably licensed or certified examiner" and finding without explanation that a pure vocational evaluation is a "physical or mental examination" within the spirit and letter of the rule as currently written). The undersigned has not been able to find a case in which a court holds that a vocational assessment does not fall within the Rule's definition of a "physical or mental examination." However, courts

have held that parties moving to compel vocational examinations under Rule 35 do so without good cause when other and adequate evidence is available for a vocational expert's review. *See, e.g., Shumaker v. West,* 196 F.R.D. 454 (S.D.W.Va.2000); *In re Falcon Workover Co., Inc.,* 186 F.R.D. 352 (E.D.La. 1999).

The undersigned is of the view that where a party seeks a mere vocational assessment not connected with any physical or mental examination, as is the case here, Rule 35 is not implicated. Likewise, this court declines to read the Advisory Committee's Notes relating to the Rule's amendment in 1991 to suggest that a mere vocational assessment should be brought within the purview of the Rule. While the amendment explicitly expanded the scope of *examiners* to be covered, it did not expand the scope of *examinations* available under the Rule. Because Lowe's asks only to conduct a vocational assessment unconnected with either a physical or a mental examination, the court declines to compel Plaintiff to appear for a personal interview.

Moreover, the court does not believe that Lowe's has demonstrated "good cause" for such an examination. "Good cause" requires that the movant affirmatively show that "each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). This, of course varies from case to case, and involves considering whether the information is available by other means. *See id.* The mere fact that the desired materials are relevant is only the beginning of the evaluation, and this court declines to translate mere "need" into "good cause." *See Guilford Natl. Bank of Greensboro v. Southern Ry. Co.,* 297 F.2d 921, 924 (4th Cir.1962).

The undersigned observes that Plaintiff has provided Lowe's with a copy of all medical records, a copy of the report from his vocational expert, his tax records, and all other discoverable material requested by Lowe's. In addition, Lowe's will depose Plaintiff, at which time counsel will be able to examine the plaintiff on all matters relating to his functional capacity.

**CONCLUSION**

The undersigned concluding that the vocational assessment sought by Lowe's is not a "physical or mental examination" under Rule 35, and further finding that Lowe's has not shown the "good cause" required for a Rule 35 examination of the plaintiff, an Order will enter DENYING the motion of defendant Lowe's to compel a Rule 35 examination of the plaintiff by its vocational expert.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.